IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ASHLEY SCOGGIN, ) | Case No. 4:24-CV-3039 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ANSWER** |
| BOARD OF REGENTS OF THE ) | |
| UNIVERSITY OF NEBRASKA, and ) | |
| Individuals AMY WILLIAMS, TREV ) | |
| ALBERTS, and CHUCK LOVE, JR., In their ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

      COME NOW Defendants, Board of Regents of the University of Nebraska ("BRUN"), Amy Williams ("Williams") and Trev Alberts ("Alberts") in their individual capacities, collectively referred to as "Defendants," and for their Answer to Plaintiff's Complaint, (the "Complaint"), admit, deny and allege as follows:

      1.    In response to Paragraph 1 of the Complaint, Defendants admit that this is an action in which the Plaintiff purports to seek redress for alleged violations of Title IX, of the Education Amendments of 1972 and 42 U.S.C. § 1983 but deny that there is any proper factual or legal basis for Plaintiff's claims in this case. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

      2.    In response to Paragraph 2 of the Complaint, Defendants admit that Plaintiff was a student at the University of Nebraska-Lincoln ("University") in Fall of 2021 and Spring of 2022. Defendants lack sufficient information or knowledge to either admit or deny the remainder of the allegations contained in Paragraph 2, and therefore deny the remaining allegations contained in Paragraph 2 of the Complaint.

      3.    In response to Paragraph 3 of the Complaint, Defendants admit the Board of Regents is the governing body for the University of Nebraska system, including the University. Defendants admit that certain academic programs and activities at the

University receive federal funding. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendants admit that Williams has been the Head Coach of the University's Women's Basketball Team (the "Team") since April 11, 2016; and that Love was the Assistant Coach from approximately April 26, 2016 through May 12, 2021 and Associate Coach from May 13, 2021 to May 9, 2022, of the Team. Williams and Love were residents of Lincoln, Nebraska while employed at the University of Nebraska-Lincoln. Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, Defendants admit that Alberts was the Director of Athletics at the University from approximately July 2021 through March 2024. Defendants further admit he was a resident of Lincoln, Nebraska, during his employment with the University. Defendants deny the remainder of the allegations contained in Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 & 1343 but deny that there is any proper factual or legal basis for Plaintiff's claims in this case and reassert and do not waive the affirmative defenses set forth herein asserting lack of jurisdiction and immunity defenses. Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

**RESPONSE TO FACTUAL BACKGROUND**

7. In response to Paragraph 7 of the Complaint, Defendants admit that Williams was the Head Coach of the Rogers State University's Women's Basketball team from approximately 2007 through 2012, and the Head Coach of the South Dakota University Women's Basketball team from approximately 2012 through 2016. Upon information and belief, Defendants state Love was an Assistant Coach at Rogers State University's Men's

Basketball team from approximately 2011 through 2012 and was the Assistant Coach of the South Dakota University Women's Basketball team from approximately 2012 through 2016. Defendants deny the remainder of the allegations contained in Paragraph 7 of the Complaint.

8. In response to Paragraph 8 of the Complaint, Defendants admit Williams was hired as Head Coach of the Team in April 2016. Defendants further admit that Williams recommended Love be hired as an assistant on her coaching staff. Defendants deny the remainder of the allegations contained in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Defendants admit that Williams had a duty and responsibility of winning games and developing players' skills and abilities. Defendants deny the remainder of the allegations contained in Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Defendants admit that Alberts had the responsibility of promoting the University's Department of Athletics. Defendants deny the remaining allegations contained in Paragraph 10 and further allege that the Board of Regents of the University of Nebraska, under the constitution and statutes of the State of Nebraska, has the authority and responsibility for the general government of the University of Nebraska, and exercises general supervision over all elements of the University and control and direction of all expenditures, and establish the general operating policies of the institution.

11. In response to Paragraph 11 of the Complaint, Defendants admit Williams and Love had a friendship and working relationship while they were employed at the University of Nebraska until February 16, 2022, and further admit Love and his wife at times socialized with Williams and her husband while they were employed at the University of Nebraska until February 16, 2022. Defendants deny the remainder of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny Paragraph 12 of the Complaint.

13. Defendants deny Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint is a statement and conclusion of law to which no response is required. To the extent response is required, Defendants deny Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint is a statement and conclusion of law to which no response is required. To the extent response is required, Defendants deny Paragraph 15 of the Complaint.

16. Defendants deny Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, Defendants admit that Love and Williams were coaches of the Team. Defendants further admit that Love and his wife had a friendship with Williams and her husband until February 16, 2022. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, Defendants admit Williams had the authority to create certain rules and policies for the governance of the Team. Defendants deny the remainder of the allegations contained in Paragraph 19.

20. Defendants deny Paragraph 20 of the Complaint.

21. Defendants deny Paragraph 21 of the Complaint.

22. Defendants admit Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendants admit Love was provided an opportunity to provide feedback, but was not the final decision-maker, with respect to substitutions, timeouts, what plays to run, and adjustments to make on the floor. Defendants further admit Love helped recruit new players for the Team. Defendants deny the remainder of the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit Paragraph 24 of the Complaint.

25. Defendants lack sufficient information and belief to either admit or deny the allegations contained in Paragraph 25 of the Complaint, and therefore it is denied. Moreover, the allegations contained in Paragraph 25 of the Complaint are vague in that they do not identify whose perception is being referred to, and therefore Paragraph 25 is denied.

26. In response to Paragraph 26 of the Complaint, Love helped recruit Plaintiff to the Team in 2020, and Ashley joined the Team on athletic scholarship as a redshirt sophomore guard, which such scholarship included tuition and housing allowance. Defendants deny the remainder of the allegations included in Paragraph 26 of the Complaint.

27. Defendants admit Paragraph 27 of the Complaint.

28. Defendants admit Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Defendants admit Plaintiff was given a table in a conference room for workspace. Defendants lack sufficient information and belief to either admit or deny the remaining allegations contained in Paragraph 29 of the Complaint, and therefore it is denied.

30. Defendants lack sufficient information and belief to either admit or deny the allegations contained in Paragraph 30 of the Complaint, and therefore it is denied.

31. Defendants lack sufficient information and belief to either admit or deny the allegations contained in Paragraph 31 of the Complaint, and therefore it is denied.

32. Defendants lack sufficient information and belief to either admit or deny the allegations contained in Paragraph 32 of the Complaint, and therefore it is denied.

33. Defendants lack sufficient information and belief to either admit or deny the allegations contained in Paragraph 33 of the Complaint, and therefore it is denied.

34. Defendants lack sufficient information and belief to either admit or deny the allegations contained in Paragraph 34 of the Complaint, and therefore it is denied.

35. Defendants lack sufficient information and belief to either admit or deny the allegations contained in Paragraph 35 of the Complaint, and therefore it is denied.

36. Defendants deny Paragraph 36 of the Complaint.

37. Defendants lack sufficient information and belief to either admit or deny the allegations contained in Paragraph 37 of the Complaint, and therefore it is denied.

38. Defendants lack firsthand knowledge of the allegations contained in Paragraph 38 of the Complaint, and therefore deny same.

39. In response to Paragraph 39 of the Complaint, Defendants admit that Plaintiff did not report ***any*** of the allegations contained in Paragraphs 31 through 41 to Defendants until after March 11, 2022. Defendants lack sufficient information and belief to either admit or deny the remaining allegations contained in Paragraph 39 of the Complaint, and therefore it is denied.

40. Defendants deny Paragraph 40 of the Complaint.

41. In response to Paragraph 41 of the Complaint, Defendants deny Plaintiff was given less playing time during games as a result of the allegations contained therein. Defendants lack sufficient information and belief to either admit or deny the remaining allegations contained in Paragraph 41 of the Complaint, and therefore it is denied.

42. In response to Paragraph 42 of the Complaint, Defendants admit and further allege that the Team travelled to Pennsylvania State University on or about February 16, 2022, for a game with Pennsylvania State University scheduled for February 17, 2022.

43. In response to Paragraph 43 of the Complaint, Defendants admit and further allege that, on or about February 16, 2022, team players gained access to Love's hotel room and discovered Plaintiff by herself in Love's hotel room, fully clothed. Defendants deny "they reported their findings and showed their video recording to Williams" on February 16, 2022, and further allege that Williams was completely unaware of the alleged events in question. Defendants deny the remaining allegations contained therein.

44. In response to Paragraph 44 of the Complaint, Defendants deny Paragraph 44 of the Complaint and further state that, on February 16, 2022, Williams was wholly unaware of the allegations contained in Paragraphs 31 through 44.

45. In response to Paragraph 45 of the Complaint, Defendants admit there was a team meeting on February 17, 2022, but deny the remainder of the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny Paragraph 46 of the Complaint.

47. In response to Paragraph 47 of the Complaint, Defendants admit Williams suspended Ashley and Love from the scheduled game with Pennsylvania State University. Defendants deny the remaining allegations contained in Paragraph 47 of the Complaint.

48. In response to Paragraph 48 of the Complaint, Defendants do not have sufficient information and knowledge regarding the allegations contained therein, and therefore it is denied.

49. In response to Paragraph 49 of the Complaint, Defendants do not have sufficient information and knowledge regarding the allegations contained therein, and therefore it is denied.

50. In response to Paragraph 50 of the Complaint, Defendants admit that Plaintiff did travel back to Lincoln with the Team. Defendants further admit and state that Williams and Keith Zimmer ("Zimmer") met with Plaintiff on February 18, 2020, at which time Plaintiff admitted to violating University rules and policies. Defendants further state that, after Williams and Zimmer gave Plaintiff an opportunity to provide any additional information she wanted them to consider and after Plaintiff communicated she had nothing further to provide, Zimmer and Williams communicated to Plaintiff that she would no longer be an active member of the Team. Defendants also admit and further state that Plaintiff was told she may talk to the Title IX Coordinator, an opportunity Plaintiff declined. On the same day,

on February 18, 2022, Meagan Counley, identifying herself as the Title IX Coordinator, communicated with Plaintiff stating "I understand you do not want to meet me with, and I respect that. I wanted to provide you with some information about resources and support available to you. If you change your mind in the future and would like to discuss any of the information I've included below, please let me know, and I am happy to set up a time to speak with you or connect you with resources." Defendants deny the remaining allegations contained in Paragraph 50 of the Complaint.

51. In response to Paragraph 51 of the Complaint, Defendants admit that Plaintiff's suspension and removal as active member was covered by the media. Defendants deny the remaining allegations contained in Paragraph 51 of the Complaint.

52. In response to Paragraph 52 of the Complaint, Defendants do not have sufficient information and knowledge regarding the allegations contained therein, and therefore it is denied.

53. In response to Paragraph 53 of the Complaint, Defendants admit and further state that on or about February 22, 2022, Plaintiff and her parents met with Alberts, Williams, Zimmer, and Pat Logsdon, and reported there was nothing sexual in nature between Plaintiff and Love, at which time Alberts communicated to them that the University stood committed to supporting Plaintiff as a student-athlete, but that she would no longer be an active member of the Team. Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.

54. In response to Paragraph 54 of the Complaint, Defendants admit in part that during the meeting on February 22, 2022, Plaintiff was told that the violation of the University's rules and policies, the dishonesty and the distrust between Plaintiff and her teammates warranted her removal as active member of the Team. Defendants deny the remaining allegations contained in Paragraph 54 of the Complaint.

55. In response to Paragraph 55 of the Complaint, Defendants admit Williams told Plaintiff and her parents that violation of the University's rules and policies, and the dishonesty and the distrust between Plaintiff and her teammates, warranted her removal as an active member of the Team. Defendants deny the remainder of the allegations contained in Paragraph 55 of the Complaint.

56. In response to Paragraph 56 of the Complaint, as of the time of the meeting discussed in Paragraph 53 above, Defendants admit that Ashley and Love denied having a sexual relationship. Defendants deny the remaining allegations contained in Paragraph 56 of the Complaint.

57. In response to Paragraph 57 of the Complaint, Defendants admit that Alberts was polite and courteous during the February 22 meeting but deny the remainder of the allegations contained therein.

58. Defendants deny Paragraph 58 of the Complaint.

59. In response to Paragraph 59 of the Complaint, Defendants admit that Love was suspended, with pay, until his separation from employment on May 9, 2022. Defendants deny the remaining allegations contained therein.

60. Defendants deny Paragraph 60 of the Complaint.

61. Defendants deny Paragraph 61 of the Complaint.

62. In response to Paragraph 62 of the Complaint, Defendants admit Love was on suspension, with pay, until May 9, 2022, when he separated from employment. Defendants deny the remaining allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny Paragraph 63 of the Complaint.

64. Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 64, and therefore, deny.

65. Defendants deny Paragraph 65 of the Complaint.

66. Defendants deny Paragraph 66 of the Complaint.

67. Defendants deny Paragraph 67 of the Complaint.

68. Defendants deny Paragraph 68 of the Complaint.

69. Defendants deny Paragraph 69 of the Complaint.

70. Defendants deny Paragraph 70 of the Complaint.

71. Defendants deny Paragraph 71 of the Complaint.

72. Defendants deny Paragraph 72 of the Complaint.

73. Defendants deny Paragraph 73 of the Complaint.

74. Defendants deny Paragraph 74 of the Complaint.

75. Defendants deny Paragraph 75 of the Complaint.

76. Defendants deny Paragraph 76 of the Complaint.

77. Defendants deny Paragraph 77 of the Complaint.

78. Defendants deny Paragraph 78 of the Complaint.

79. Defendants deny Paragraph 79 of the Complaint.

80. Defendants deny Paragraph 80 of the Complaint.

81. Defendants deny Paragraph 81 of the Complaint.

82. Defendants deny Paragraph 82 of the Complaint.

83. Defendants deny Paragraph 83 of the Complaint.

84. Defendants deny Paragraph 84 of the Complaint.

85. Defendants deny Paragraph 85 of the Complaint.

86. Defendants deny Paragraph 86 of the Complaint.

87. Defendants deny Paragraph 87 of the Complaint.

88. Defendants deny Paragraph 88 of the Complaint.

89. Defendants deny Paragraph 89 of the Complaint.

90. Defendants deny Paragraph 90 of the Complaint.

91. Defendants deny Paragraph 91 of the Complaint.

92. Defendants deny Paragraph 92 of the Complaint.

93. Defendants deny Paragraph 93 of the Complaint.

94. Defendants deny Paragraph 94 of the Complaint.

95. Defendants deny Paragraph 95 of the Complaint.

96. Defendants deny Paragraph 96 of the Complaint.

97. Defendants deny Paragraph 97 of the Complaint.

98. Defendants deny Paragraph 98 of the Complaint.

99. Defendants deny Paragraph 99 of the Complaint.

100. Plaintiff's prayer for relief located immediately after Paragraph 99 does not require a response. To the extent a response is required, Defendants deny Plaintiff is entitled to the relief she seeks.

101. Defendants deny all allegations in Plaintiff's Complaint not specifically admitted or denied, except those which constitute an admission against Plaintiff's interest.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

102. Defendants affirmatively allege Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

103. Defendants affirmatively allege that they, at all times, acted in good faith and without discriminatory motive.

### THIRD AFFIRMATIVE DEFENSE

104. Defendants affirmatively allege Plaintiff's claims fail to the extent Plaintiff has failed to utilize and/or exhaust available remedies.

### FOURTH AFFIRMATIVE DEFENSE

105. Defendants affirmatively allege that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to

otherwise avoid harm by not taking advantage of reporting procedures outlined in Defendants' policies.

**FIFTH AFFIRMATIVE DEFENSE**

106. Defendants affirmatively allege Plaintiff's claims fail to the extent that they are barred by the doctrines of acquiescence, consent, waiver, unclean hands, laches, and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

107. Defendants affirmatively allege Plaintiff's claims are barred to the extent that they are untimely and/or barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

108. Defendants affirmatively allege Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages, if any, and therefore Plaintiff's claim for damages is barred in whole or in part.

**EIGHTH AFFIRMATIVE DEFENSE**

109. Defendants affirmatively allege any awarded damages must be reduced by any third-party payments made to Plaintiff for unemployment compensation or other compensation.

**NINTH AFFIRMATIVE DEFENSE**

110. Defendants affirmatively allege Defendants did not breach any duty or obligation that may have been owed to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

111. Defendants affirmatively allege that Plaintiff has failed to allege, and cannot show, any injury-in-fact in connection with claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

112. Defendants are entitled to sovereign immunity.

**TWELFTH AFFIRMATIVE DEFENSE**

113.   Defendants are entitled to sovereign immunity against a trial by jury.

**THIRTEENTH AFFIRMATIVE DEFENSE**

114.   Alberts and Williams are entitled to the doctrine of qualified immunity.

**FOURTEENTH AFFIRMATIVE DEFENSE**

115.   Title IX is not applicable to the alleged facts, and therefore, BRUN is entitled to sovereign immunity.

**FIFTEENTH AFFIRMATIVE DEFENSE**

116.   Defendants allege Plaintiff's claims are barred by the Nebraska State Tort Claims Act, all such defenses regarding compliance with the same are preserved.

**SIXTEENTH AFFIRMATIVE DEFENSE**

117.   Defendants allege Plaintiff's claims are barred by statute of limitations.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that the same be dismissed, in its entirety and with prejudice, at Plaintiff's costs; that Defendants be awarded their costs expended herein, including reasonable attorney's fees; and that the Court award such other and further relief as it deems just and appropriate.

Dated: April 19, 2024.

13

BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and Individuals AMY WILLIAMS, TREV ALBERTS, Defendants

By: /s/ Lily Amare
Susan K. Sapp #19121
Lily Amare #25735
Cline Williams Wright
  Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

AND

Bren H. Chambers, #23150
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
(402) 472-1201
bchambers@nebraska.edu

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

/s/ Lily Amare
Lily Amare

4882-0189-4824, v. 5

14