IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ASHLEY SCOGGIN, | ) | Case No. 4:24-CV-3039 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF NEBRASKA, and | ) | |
| Individuals AMY WILLIAMS, TREV | ) | |
| ALBERTS, and CHUCK LOVE, JR., In their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Defendant Chuck Love, Jr. in his individual capacity, and in Answer to Plaintiff's Complaint, (the "Complaint"), states:

1.      In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff's complaint is pled as an action in which the Plaintiff purports to seek redress for alleged violations of Title IX,  of the Education Amendments of 1972 and 42 U.S.C. § 1983. Defendant denies that there is any proper factual or legal basis for Plaintiff's claims in this case. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      In response to Paragraph 2 of the Complaint, Defendants admit that Plaintiff was a student at the University of Nebraska-Lincoln ("University") in Fall of 2021 and Spring of 2022.  Defendants lack sufficient information or knowledge to either admit or deny the remainder of the allegations contained in Paragraph 2, and therefore deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.      In response to Paragraph 3 of the Complaint, Defendants admit the Board of Regents is the governing body for the University of Nebraska system, including the University. Defendants admit that certain academic programs and activities at the University of Nebraska receive federal funding. Defendants deny the remaining  allegations contained in Paragraph 3 of the Complaint.

4.     In response to Paragraph 4 of the Complaint, Defendant admits that Williams has been the Head Coach of the University's Women's Basketball Team (the 'Team") since April 11, 2016; and that Defendant was the Assistant Coach from April 26, 2016, through May 12, 2021; and Associate Coach from May 13, 2021 to May 9, 2022, of the Team. Defendant admits that he was a resident of Lincoln, Nebraska while employed at the University of Nebraska-Lincoln, and upon information and belief, that Williams was as well. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.     In response to Paragraph 5 of the Complaint, Defendant admits that Alberts was the Director of Athletics at the University from approximately July 2021 through March 2024. Defendant further admits upon information and belief that Alberts was a resident of Lincoln, Nebraska, during his employment with the University. Defendant denies the remainder of the allegations contained in Paragraph 5 of the Complaint.

6.     In response to Paragraph 6 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over Plaintiff's claims pled under 28 U.S.C. §§ 1331 & 1343 but denies that there is any proper factual or legal basis for Plaintiff's claims in this case and reassert and do not waive the affirmative defenses set forth herein asserting lack of jurisdiction and immunity defenses. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

**RESPONSE TO FACTUAL BACKGROUND**

7.     In response to Paragraph 7 of the Complaint, Defendant admits that Williams was the Head Coach of the Rogers State University's Women's Basketball team from approximately 2007 through 2012, and the Head Coach of the South Dakota University Women's Basketball team from approximately 2012 through 2016, and that  Defendant was an Assistant Coach at Rogers State University's Men's Basketball team from approximately 2011 through 2012 and was the Assistant Coach of the South Dakota University Women's

Basketball team from approximately 2012 through 2016. Defendant denies the remainder of the allegations contained in Paragraph 7 of the Complaint.

8.      In response to Paragraph 8 of the Complaint, Defendant admits Williams was hired as Head Coach of the Team in 2016. Defendant further admits that Williams recommended that Defendant be hired as an assistant on her coaching staff. Defendant denies the remainder of the allegations contained in Paragraph 8 of the Complaint.

9.      In response to Paragraph 9 of the Complaint, Defendant admits that Williams had a duty and responsibility of winning games and developing players' skills and abilities. Defendant denies the remainder of the allegations contained in Paragraph 9 of the Complaint.

10.      In response to Paragraph 10 of the Complaint, Defendant admits that Alberts had the responsibility of promoting the University's Department of Athletics. Defendant denies the remaining allegations contained in Paragraph 10 and further alleges that the Board of Regents of the University of Nebraska, under the constitution and statutes of the State of Nebraska, has the authority and responsibility for the general government of the University of Nebraska, and exercises general supervision over all elements of the University and control and direction of all expenditures, and establish the general operating policies of the institution.

11.      In response to Paragraph 11 of the Complaint, Defendant admits that he had a friendship and working relationship with Williams while Defendant was employed at the University of Nebraska until February 16, 2022, and admit that Defendant and his wife at times socialized with Williams and her husband while Defendant was employed at the University of Nebraska until February 16, 2022. Defendant denies the remainder of the allegations contained in Paragraph 11 of the Complaint.

12.      Defendant denies Paragraph 12 of the Complaint.

13.      Defendant denies Paragraph 13 of the Complaint.

3

14.     Paragraph 14 of the Complaint is a statement of Plaintiff's opinion and conclusion of law to which no response is required. To the extent response is required, Defendant denies Paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint is a statement of Plaintiff's opinion and conclusion of law to which no response is required. To the extent response is required, Defendant denies Paragraph 15 of the Complaint.

16.     Defendant denies Paragraph 16 of the Complaint.

17.     In response to Paragraph 17 of the Complaint, Defendant admits that he and Williams were two of the coaches of the Team. Defendant further admits that he and his wife had a friendship with Williams and her husband until February 16, 2022. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies Paragraph 18 of the Complaint.

19.     In response to Paragraph 19 of the Complaint, Defendant admits upon information and belief that Williams had the authority to create certain rules and policies for the governance of the team. Defendant denies the remainder of the allegations contained in Paragraph 19.

20.     Defendant denies Paragraph 20 of the Complaint.

21.     Defendant denies Paragraph 21 of the Complaint.

22.     Defendant admits Paragraph 22 of the Complaint.

23.     In response to Paragraph 23 of the Complaint, Defendant admits that he was provided an opportunity to provide feedback, but was not the final decision-maker, with respect to substitutions, timeouts, what plays to run, and adjustments to make on the floor for the Team. Defendant admits that he and others helped recruit new players for the Team. Defendant denies the remainder of the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits Paragraph 24 of the Complaint, and affirmatively alleges that other members of the coaching staff likwise coached individual workouts with student athletes who wanted extra skill work, before or after official team practice.

25.     Defendant lacks sufficient information and belief to admit or deny the allegations contained in Paragraph 25 of the Complaint, and therefore it is denied. Moreover, the allegations contained in Paragraph 25 of the Complaint are vague in that they do not identify whose perception is being referring to, and therefore Paragraph 25 is denied.

26.     Defendant admits the allegation in Paragraph 26 of the Complaint that Plaintiff joined the Team in 2020, and affirmatively alleges that others on the athletic coaching staff participating in the decision to recruit Plaintiff to transfer to the Team. Defendant is without knowledge of all details of her scholarship, and therefore the remainder of Paragraph 26 is denied.

27.     Defendant admits the allegation in Paragraph 27 of the Complaint that Plaintiff played basketball well on the Team in the 2020-2021 season, that she was a finalist for the NCDAA Division I College Transfer of the Year, that she had 51 consecutive starts for the Team and the characterization of her career three-point percentage.   Defendant affirmatively alleges that Plaintiff had difficulty maintaining appropriate social and interpersonal relationships, including but not limited to other players on the Team, and conforming to all Team rules and requirements.

28.     Defendant admits Paragraph 28 of the Complaint.

29.     In response to Paragraph 29 of the Complaint, Defendant admits that Plaintiff was given a table in a conference room for workspace. Defendant denies the allegation that he "approached" or "invited" Plaintiff to work instead in Defendant's office.   Defendant affirmatively alleges that many Team members came and went from Defendant's office at all times, that Defendant maintained an "open door" policy for all Team members and coaching staff, and that Plaintiff was allowed access to Defendant's office as other players were, too.

30.     Defendant admits the allegation contained in Paragraph 29 of the Complaint that he had some "one on one" time with Plaintiff when she was in his office, as he also did with other players on the Team.  Defendant denies that he discussed inappropriate topics with Plaintiff, and Defendant is without information or ability to know the thoughts in Plaintiff's mind at all times.   Defendant denies the remainder of Paragraph 30 of the Complaint.

31.     Defendant denies Paragraph 31 of the Complaint.

32.     Defendant denies the allegation in Paragraph 32 of the Complaint.  Defendant affirmatively alleges that Plaintiff initiated "Snapchat" communications with him.

33.     Defendant admits the allegation in Paragraph 33 of the Complaint that he met Plaintiff at a parking lot, and affirmatively alleges that the encounter occurred when Plaintiff contacted Defendant on an evening in which Defendant was socializing with another person. Plaintiff was emotionally distraught and urgently insisted that she needed to see Defendant immediately, so they agreed to meet at the parking lot, a place where Plaintiff felt she could speak without fear of being heard by others, in particular other players on the Team. Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies Paragraph 34 of the Complaint.

35.     Defendant denies Paragraph 35 of the Complaint, and affirmatively alleges that Plaintiff never expressed to him that she felt "confused and trapped" by anything Defendant said or did.

36.     Defendant denies Paragraph 36 of the Complaint.

37.     Defendant denies Paragraph 37 of the Complaint.

38.     Defendant denies Paragraph 38 of the Complaint.

39.     Defendant denies Paragraph 39 of the Complaint.

40.     Defendant denies Paragraph 40 of the Complaint.

41.     Defendant denies Paragraph 41 of the Complaint.

42.    In response to Paragraph 42 of the Complaint, Defendant admits that the Team travelled to Pennsylvania State University on or about February 16, 2022, for a game with Pennsylvania State University scheduled for February 17, 2022.

43.    In response to Paragraph 43 of the Complaint, Defendant admits that, on or about February 16, 2022, some Team players entered Defendant's hotel room without Defendant's knowledge or consent. Plaintiff was in Defendant's room; at Plaintiff's request the two had been conversing about a personal problem of Plaintiff's. It was no secret that Plaintiff was in Defendant's room, as he was on the phone with his wife and son when Plaintiff came to his room. The conversation between Plaintiff and Defendant was interrupted by a call from another Team player, who urgently asked to speak with Defendant in the hotel's lobby.  Defendant went to the lobby and Plaintiff remained in his room to complete the conversation upon Defendant's return.  When the Team players entered Defendant's hotel room, they saw Plaintiff sitting by herself on the bed fully clothed, watching television.   Defendant denies that he instructed Plaintiff to "deny anything improper", or to say anything at all.   Defendant denies the remaining allegations in Paragraph 43 of the Complaint for lack of knowledge.

44.    Defendant denies Paragraph 44 of the Complaint.

45.    In response to Paragraph 45 of the Complaint, Defendant admits there was a Team meeting on February 17, 2022, and affirmatively alleges that he and Plaintiff both stated at the meeting that Defendant did not have an improper relationship or contact with Plaintiff. Defendant denies the remainder of the allegations contained in Paragraph 45 of the Complaint.

46.    Defendant denies Paragraph 46 of the Complaint.

47.    In response to Paragraph 47 of the Complaint, Defendant admits that Plaintiff did not play in the game against Pennsylvania State University, and admits that Defendant

was suspended with pay. Defendant denies the remaining allegations in Paragraph 47 of the Complaint.

48.     In response to Paragraph 48 of the Complaint, Defendant does not have sufficient information and knowledge regarding the allegations contained therein, and therefore it is denied.

49.     Defendant denies Paragraph 49 of the Complaint.

50.     In response to Paragraph 50 of the Complaint, Defendant admits that Plaintiff travelled back to Lincoln with the team. Defendant denies the remaining allegations for want of knowledge.

51.     In response to Paragraph 51 of the Complaint, Defendant admits that Plaintiff's suspension from the Team was covered by the media. Defendant denies the remaining allegations in Paragraph 51 of the Complaint.

52.     In response to Paragraph 52 of the Complaint, Defendant admits that Plaintiff contacted her parents and that Plaintiff's parents travelled to Lincoln.  Defendant does not have sufficient information and knowledge regarding the remaining allegations in Paragraph 52 and they are therefore denied.

53.     Defendant was not at the meeting referenced in Paragraph 53 of the Complaint and he lacks sufficient foundation and knowledge regarding it, so the allegations in Paragraph 53 are therefore denied.

54.     Defendant was not at the meeting referenced in Paragraph 53 of the Complaint and he lacks sufficient foundation and knowledge regarding it, so the allegations in Paragraph 54 are therefore denied.

55.     Defendant was not at the meeting referenced in Paragraph 53 of the Complaint and he lacks sufficient foundation and knowledge regarding it, so the allegations in Paragraph 55 are therefore denied.

56.      Defendant denies Paragraph 56 of the Complaint.

57.     Defendant was not at the meeting referenced in Paragraph 53 of the Complaint and he lacks sufficient foundation and knowledge regarding it, so the allegations in Paragraph 57 are therefore denied.

58.     Defendant denies Paragraph 58 of the Complaint.

59.     Defendant admits that he was suspended, with pay, until his separation from employment on May 9, 2022. Defendant denies the remaining allegations in Paragraph 59 of the Complaint.

60.     Defendant lacks sufficient foundation and knowledge regarding the allegation in Paragraph 60 of the Complaint, so Paragraph 60 is therefore denied.

61.     Defendant denies Paragraph 61 of the Complaint.

62.      Defendant admits that he was suspended, with pay, until his separation from employment on May 9, 2022. Defendant denies the remaining allegations in Paragraph 62 of the Complaint.

63.     Defendant lacks sufficient foundation and knowledge regarding the allegation in Paragraph 63 of the Complaint, so Paragraph 63 is therefore denied.

64.     Defendant lacks sufficient information or knowledge regarding the allegations in Paragraph 64 of the Complaint, so Paragraph 64 is therefore denied.

65.     Defendant lacks sufficient foundation and knowledge regarding the allegation in Paragraph 65 of the Complaint, so Paragraph 65 is therefore denied.

66.     Defendant lacks sufficient foundation and knowledge regarding the allegation in Paragraph 66 of the Complaint, so Paragraph 66 is therefore denied.

67.      Defendant lacks sufficient foundation and knowledge regarding the allegation in Paragraph 67 of the Complaint, so Paragraph 67 is therefore denied.

68.      Defendant lacks sufficient foundation and knowledge regarding the allegation in Paragraph 68 of the Complaint, so Paragraph 68 is therefore denied.

69.     Defendant lacks sufficient foundation and knowledge regarding the allegation in Paragraph 69 of the Complaint, so Paragraph 69 is therefore denied.

70.     Defendant lacks sufficient foundation and knowledge regarding the allegation in Paragraph 70 of the Complaint, so Paragraph 70 is therefore denied.

71.     Defendant denies Paragraph 71 of the Complaint.

72.     Defendant denies Paragraph 72 of the Complaint.

73.     Defendant denies Paragraph 73 of the Complaint.

74.     Defendant denies Paragraph 74 of the Complaint.

75.     Defendant denies Paragraph 75 of the Complaint, and affirmatively alleges that he did not commit "predation" on Plaintiff.

76.     Defendant denies Paragraph 76 of the Complaint, and affirmatively alleges that he did not "pursue a secret sexual relationship with a student-athlete".

77.     Defendants denies Paragraph 77 of the Complaint.

78.     Defendant denies Paragraph 78 of the Complaint.

79.     Defendant denies Paragraph 79 of the Complaint as it pertains to the allegations in Plaintiff's Complaint.

80.     Defendant lacks sufficient foundation and knowledge regarding the allegation in Paragraph 80 of the Complaint, so Paragraph 80 is therefore denied.

81.     Defendant lacks sufficient foundation and knowledge regarding the allegation in Paragraph 81 of the Complaint, so Paragraph 81 is therefore denied.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint.

83.     Defendant denies Paragraph 83 of the Complaint.

84.     Defendant denies Paragraph 84 of the Complaint.

85.     Defendant denies Paragraph 85 of the Complaint.

86.     Defendant denies Paragraph 86 of the Complaint.

87.     Defendant denies Paragraph 87 of the Complaint.

88.     Defendant denies Paragraph 88 of the Complaint.

89.     Defendant denies Paragraph 89 of the Complaint.

90.     Defendant denies Paragraph 90 of the Complaint.

91.     Defendant denies Paragraph 91 of the Complaint.

92.     Defendant denies Paragraph 92 of the Complaint.

93.     Defendant denies Paragraph 93 of the Complaint.

94.     Defendant denies Paragraph 94 of the Complaint.

95.     Defendant denies Paragraph 95 of the Complaint.

96.     Defendant denies Paragraph 96 of the Complaint.

97.     Defendant denies Paragraph 97 of the Complaint.

98.     Defendant denies Paragraph 98 of the Complaint.

99.     Defendants denies Paragraph 99 of the Complaint.

100.    Plaintiff's request for relief located immediately after Paragraph 99 does not require a response. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief she seeks.

101.    Defendant denies all allegations in Plaintiff's Complaint not specifically admitted or denied, except those which constitute an admission against Plaintiff's interest.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

102.    Defendant affirmatively alleges Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

103.    Defendant affirmatively alleges that he, at all times, acted in good faith and without discriminatory motive.

### THIRD AFFIRMATIVE DEFENSE

104.    Defendant affirmatively alleges Plaintiff's claims fail to the extent Plaintiff has failed to utilize and/or exhaust available remedies.

### FOURTH AFFIRMATIVE DEFENSE

105.    Defendant affirmatively alleges that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by all Defendants or to otherwise avoid harm by not taking advantage of reporting procedures outlined in Defendants' policies.

### FIFTH AFFIRMATIVE DEFENSE

106.    Defendant affirmatively alleges Plaintiff's claims fail to the extent that they are barred by the doctrines of acquiescence, consent, waiver, unclean hands, laches, and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

107.    Defendant affirmatively alleges Plaintiff's claims are barred to the extent that they are untimely and/or barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

108.    Defendant affirmatively alleges Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages, if any, and therefore Plaintiff's claim for damages is barred in whole or in part.

### EIGHTH AFFIRMATIVE DEFENSE

109.    Defendant affirmatively alleges any awarded damages must be reduced by any third-party payments made to Plaintiff for unemployment compensation or other compensation.

### NINTH AFFIRMATIVE DEFENSE

110.    Defendant affirmatively alleges Defendants did not breach any duty or obligation that may have been owed to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

111.    Defendant affirmatively alleges that Plaintiff has failed to allege, and cannot show, any injury-in-fact in connection with claims.

### ELEVENTH AFFIRMATIVE DEFENSE

112.    All Defendants are entitled to sovereign immunity.

### TWELFTH AFFIRMATIVE DEFENSE

113.    Defendant is entitled to sovereign immunity against a trial by jury.

### THIRTEENTH AFFIRMATIVE DEFENSE

114.    All Defendants are entitled to the doctrine of qualified immunity.

### FOURTEENTH AFFIRMATIVE DEFENSE

115.    Defendant alleges Plaintiff's claims are barred by the Nebraska State Tort Claims Act, all such defenses regarding compliance with the same are preserved.

### FIFTEENTH AFFIRMATIVE DEFENSE

116.    Defendant alleges Plaintiff's claims are barred by statute of limitations.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Chuck Love, Jr. prays that the same be dismissed, in its entirety and with prejudice, at Plaintiff's costs; that Defendants be awarded their costs expended herein, including reasonable attorney's fees; and that the Court award such other and further relief as it deems just and appropriate.

Dated: April 19, 2024.

CHUCK LOVE, JR., Defendant

BY: */s/ Denise E. Frost*
Denise E. Frost, #18794
JOHNSON & MOCK, PC LLO
9900 Nicholas St., #225
Omaha, NE 68114
(402) 346-8856
dfrost@johnsonandmock.com

His Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on  April 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this case as well as electronically transmitted.

_/s/ Denise E. Frost_____