IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ASHLEY SCOGGIN,<br><br>            Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and individuals AMY WILLIAMS, TREV ALBERTS, and CHUCK LOVE, JR., in their individual capacities,<br><br>            Defendants. | Case No. 4:24-CV-3039<br><br>**RULE 26(F) REPORT** |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

Susan K. Sapp, NSBA #19121
Lily Amare, NSBA #25735
Cline Williams Wright Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

AND

Bren H. Chambers, #23150
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
(402) 472-1201
bchambers@nebraska.edu

Attorneys for Defendants Board of Regents of the University of Nebraska, Amy Williams and Trev Alberts

Maren Lynn Chaloupka, NSBA # 20864
Chaloupka Law LLC
1906 Broadway
P.O. Box 1724
Scottsbluff, NE 69363-1724
(308) 270-5091
mlc@chaloupkalaw.net

Attorney for Plaintiff

Denise E. Frost, NSBA #18794
Johnson & Mock, PC LLO
9900 Nicholas Street, #225
Omaha, NE 68114
(402) 346-8856
dfrost@johnsonandmock.com

Attorney for Defendant Love

The parties discussed the case and jointly make the following report:[1]

**I.   INITIAL MATTERS:**

   A.   <u>Jurisdiction and Venue</u>:  As to the defendant(s) (mark all boxes that may apply).

   ☒   Jurisdiction is contested because **sovereign immunity has been asserted**.

   ☐   Venue is contested because _____.

   ☐   Neither jurisdiction nor venue are contested.

   B.   <u>Immunity</u>:  As to the defendant(s) (mark all boxes that may apply).

   ☒   An immunity defense has been raised by a defendant.

   ☐   An immunity defense will be raised, such defense to be raised on or before **Click here to enter a date.**.

   ☐   No immunity defense has or will be raised in this case.

   C.   Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

   ☐   Not applicable.

   ☒   The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

   ☐   Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions. See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

If the case alleges an action for forfeiture, complete only sections **IV: Settlement**; **V. Consent to Final Resolution by a Magistrate Judge**; and **VI: Case Progression**.

☐ before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: **Click here to enter a date.**.
Explain: _____.

☐ a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

☐ motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before **Click here to enter a date.**.

**II.   CLAIMS AND DEFENSES:**

A.   <u>Claims</u>:[2] Provide a brief statement of the alleged facts and a succinct summary of the alleged federal or state theories of recovery, citing any relevant statutes which provide the basis for any statutory claims. You do not need to list the elements of each claim.

   I.   § 1983 vs. WILLIAMS, LOVE and ALBERTS
   a. WILLIAMS and ALBERTS, in their duty to hire and train coaches, were required to respond immediately to notice that a professional coach is engaging in sexual activity with students.
   b. WILLIAMS and ALBERTS had a duty to train both coaches and athletes in appropriate professional boundaries, including that a sexual relationship between a coach and an athlete is always improper and including how to report boundary violations.
   c. WILLIAMS and ALBERTS failed to provide adequate training, rules and regulations prohibiting coaches from having sexual relationships with students.  They failed in particular to instruct LOVE that sexual relationships with students are always improper.
   d. WILLIAMS retained LOVE on her coaching staff in spite of knowledge that LOVE was pursuing sexual relationships with students.
   e. WILLIAMS and ALBERTS established a policy or custom of allowing coaches to violate professional boundaries with athletes.
   f. LOVE pursued a sexual relationship with ASHLEY, a student-athlete, in violation of her constitutional rights and the privileges and immunities included therein.
   g. When WILLIAMS and ALBERTS learned of LOVE's sexual

---

[2] The category "Claims" includes any claims raised by any party, including not only those raised by the party(s) who filed the lawsuit, but any crossclaims, counterclaims, or third-party claims raised in the operative pleadings.

3

      predation against ASHLEY, they punished ASHLEY.
   h. WILLIAMS' and ALBERTS' affirmative acts and failures were the moving force for and/or a direct causal link to and/or proximately caused the pattern of sexual harassment suffered by ASHLEY, and were so extreme and egregious as to shock the conscience.
   i. In all of these actions, WILLIAMS, LOVE and ALBERTS were deliberately indifferent to the rights of persons affected thereby, to include ASHLEY.
   j. ASHLEY sustained damages as a direct and proximate result of the acts and omissions of WILLIAMS, LOVE and ALBERTS.

II. § 1983 vs. WILLIAMS, LOVE and ALBERTS (Equal Protection Clause)
   a. WILLIAMS and ALBERTS to treat women athletes equally and to provide ASHLEY with equal access to education and educational benefits.
   b. WILLIAMS and ALBERTS had a duty to protect ASHLEY and other student-athletes from gender-based sexual harassment and abusive sexual relationships.
   c. WILLIAMS failed to take appropriate action to her knowledge that LOVE engaged in inappropriate and/or sexual conduct with students.
   d. After the relationship between LOVE and ASHLEY came to light, WILLIAMS and ALBERTS removed ASHLEY from the women's basketball team, but retained LOVE on paid suspension and allowed him to resign on his own terms.
   e. ASHLEY sustained damages as a direct and proximate result of the acts and omissions of WILLIAMS and ALBERTS.

III. Violation of Title IX – NU
   a. NU created and/or subjected ASHLEY to a hostile educational environment in violation of Title IX.
   b. NU failed to enact and enforce policies and training that would have prevented and/or appropriately remedied LOVE's sexual harassment of ASHLEY.
   c. NU engaged in a policy, pattern and practice of behavior designed to discourage student-athletes who have been groomed into sexual relationships by coaches from seeking help, and from pursuing completion of their degrees at NU and involvement in on-campus activity after being groomed into sexual relationships by their coaches.  This conduct constituted disparate treatment of women student-athletes.
   d. In so doing, NU was deliberately indifferent to ASHLEY's rights.
   e. NU's failure to protect ASHLEY was so severe, pervasive, and objectively offensive that it deprived ASHLEY of access to educational opportunities and/or benefits provided by the school.
   f. Due to NU removing her from the women's basketball team, ASHLEY lost educational benefits and sustained other damages.

    IV.    § 1983 vs. ALBERTS (Ratification)
  a. ALBERTS ratified WILLIAMS' decision to remove ASHLEY from the women's basketball team in violation of ASHLEY's constitutional rights, while retaining LOVE on paid suspension and allowing LOVE to resign voluntarily.
  b. ALBERTS did not conduct an investigation into LOVE's conduct, or WILLIAMS' knowledge of LOVE's conduct.
  c. ALBERTS made no changes to put coaches and student-athletes on notice that sexual relationships between coaches and student-athletes are always improper.
  d. ALBERTS' failure to discipline LOVE and WILLIAMS for violating ASHLEY's civil rights, and failure to appropriately investigate and to train and educate coaches and student-athletes on the impropriety of sexual relationships between coaches and student-athletes, arises to an unlawful policy of ratification of WILLIAMS' and LOVE's unconstitutional conduct.

B. <u>Defenses</u>:[3] List each alleged affirmative defense to the claims, and for any defenses based on a statute, cite the relevant statute.

The Board of Regents of the University of Nebraska, Amy Williams, and Trev Alberts have raised the following defenses:

1. Defendants dispute the facts alleged by Plaintiff, and affirmatively allege Plaintiff's Complaint fails to state a claim upon which relief can be granted.
2. Defendants affirmatively allege that they, at all times, acted in good faith and without discriminatory motive.
3. Defendants affirmatively allege Plaintiff's claims fail to the extent Plaintiff has failed to utilize and/or exhaust available remedies.
4. Defendants affirmatively allege that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm by not taking advantage of reporting procedures outlined in Defendants' policies.
5. Defendants affirmatively allege Plaintiff's claims fail to the extent that they are barred by the doctrines of acquiescence, consent, waiver, unclean hands, laches, and/or estoppel.
6. Defendants affirmatively allege Plaintiff's claims are barred to the extent that they are untimely and/or barred by the applicable statute of limitations.
7. Defendants affirmatively allege Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages, if any, and therefore Plaintiff's claim for damages is barred in whole or in part.
8. Defendants affirmatively allege any awarded damages must be reduced by any third-party payments made to Plaintiff for unemployment compensation or other compensation.

---

[3] The category "Defenses" includes any defenses raised in any pleading filed in response to the operative complaint, any crossclaims, counterclaims, or third-party claims.

9. Defendants affirmatively allege Defendants did not breach any duty or obligation that may have been owed to Plaintiff.
10. Defendants affirmatively allege that Plaintiff has failed to allege, and cannot show, any injury-in-fact in connection with claims.
11. Defendants are entitled to sovereign immunity.
12. Defendants are entitled to sovereign immunity against a trial by jury.
13. Alberts, Williams, and Love are entitled to the doctrine of qualified immunity.
14. Title IX is not applicable to the alleged facts, and therefore, BRUN is entitled to sovereign immunity.
15. Defendants allege Plaintiff's claims are barred by the Nebraska State Tort Claims Act, all such defenses regarding compliance with the same are preserved.
16. Defendants allege Plaintiff's claims are barred by statute of limitations.

Chuck Love has raised the above-listed defenses, except for defense number 14.

**III.     METHOD OF RESOLUTION**:  Please indicate below how the parties anticipate that this case will be resolved.

☐     Administrative record review:

☐     A party will request discovery.

☐     A party will not request discovery.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report. Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

☐     A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☐     Cross-motions for summary judgment and/or resolution on stipulated facts:

☐     A party will request discovery.

☐     A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before **Click here to enter a date.**.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

☐     A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case**

6

**Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☐ Trial**:**

    ☐ No party has timely demanded a jury trial.

    ☐ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

    ☒ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.
A motion to strike the jury demand will be filed no later than: January 17, 2025.

    ☐ The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

**IV. SETTLEMENT:**

Counsel state (mark all boxes that may apply):

☒ To date, there have been no efforts taken to resolve this dispute.

☐ Efforts have been taken to resolve this dispute

    ☐ prior to filing this lawsuit. Explain: _____.

    ☐ after filing this lawsuit, but before the filing of this report. Explain: _____.

☐ Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

    ☐ It is agreed:

        ☐ Mediation is appropriate at this time, and pending the outcome of those efforts,

            ☐ case progression should be stayed.

   ☐ case progression should not be stayed.

   ☒ Mediation may be appropriate in the future. Please explain when you believe mediation may be useful: **Mediation may be appropriate after discovery and depositions.**

   ☐ Mediation will not be appropriate. Explain: _____.

   ☐ Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, or again discuss settlement, by **Click here to enter a date.**.

  ☐ At least one party is not interested in exploring options for settling this case.

**V. CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE**:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

 ☐ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

 ☒ At least one party does not currently consent.

**VI. CASE PROGRESSION:**

 A. Initial mandatory disclosures required by Rule 26(a)(1).

  ☐ Have been completed.

  ☒ Will be completed by June 28, 2024.

 B. Motions to amend the pleadings or to add parties.

8

☐     A plaintiff does anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Plaintiff(s) on or before **August 1, 2024**.

☐     A defendant does anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant (s) on or before **August 1, 2024**.

If more than 90 days are needed, explain why: _____.

C.   Discovery.

1)   As to written discovery under Rules 33, 34, 36, and 45:

a.   The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

☒   The parties do not anticipate any disputes over the number of discovery requests served.

☐   The parties believe a dispute may arise over the number of (mark all boxes that may apply):

☐   Interrogatories.
☐   Requests for Production.
☐   Requests for Admission.

If the parties anticipate a possible dispute over the number of written discovery requests, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

b.   Written discovery will be completed[4] by **May 2, 2025**.

2)   As to expert disclosures as required under Rule 26(a)(2):

☐   The parties do not anticipate calling experts to testify at trial.

☒   The parties anticipate calling experts to testify at trial, and

---

[4] "Completed" means the discovery answers or responses to written discovery have been served. As such, written discovery must be served sufficiently in advance of the discovery completion deadline to afford the responding party the time permitted under the discovery rules to answer or respond.

9

    a. Counsel agree to at least **identify** such experts, by name, address, and profession (i.e., without the full reports required by Rule 26(a)(2)), by:
        i. Plaintiff: February 1, 2025.[5]
        ii. Defendant: April 1, 2025.

    b. Expert **reports** shall be served by same dates as VI.C.2.a..[6]

    c. Motions to exclude expert testimony on *Daubert* and related grounds will be filed by August 1, 2025.

3) As to deposition testimony under Rules 30 and 45:

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is **15**.

    b. All depositions

        ☒ will be limited by Rule 30(d)(1).

        ☐ will be limited by Rule 30(d)(1), except as follows: _____.

    c. All depositions, regardless of whether they are intended to be used at trial, will be completed by **September 30, 2025**.

4) Protective Order:

    ☐ All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

        ☐ the parties hereby move the court to enter the court's standard protective order (see, Civil Case Management website page,

            ☐ with the court's standard Attorneys' Eyes Only provisions.

---

[5] **Note**: The parties may choose to eliminate this expert identification step and propose only an expert disclosure deadline. The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

[6] **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s), and they may include rebuttal expert deadlines.

        ☐      with the court's standard HIPAA language permitting release of Protected Health Information.

        ☐      the parties hereby move the court to enter the proposed protective order attached to this report.

        ☒      the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the chambers of the magistrate judge assigned to the case.[7]

☒      At least one party believes a protective order will not be necessary in this case.

5)      Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing discovery of **Privileged Information**, and they have discussed whether certain categories of documents, are presumptively privileged.

    ☐      The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

        ☒      Documents between legal counsel and clients created on or after **February 17, 2022**

        ☒      Documents maintained by consulting or testifying experts created on or after **February 17, 2022**, except to the extent required to be disclosed under Rule 26.

        ☐      The following documents: _____.

    ☐      Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

---

[7] If a dispute exists over the need for a protective order, or the content of that order, the parties shall confer in good faith and if they cannot resolve the issue without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice.

If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6) Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

☒ the parties do not anticipate a dispute over preservation, scope, and production of ESI.

☐ the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

7) Other special discovery provisions agreed to by the parties include: _____.

D. Dispositive Motions.

☐ The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

☒ A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

a. as to the following claims and/or defenses:[8] **Defendants: all claims**;

b. such motions to be filed on or before December 13, 2025.

E. Other matters to which the parties stipulate and/or which the court should know or consider: _____.

F. This case will be ready for trial before the court by: **June 2026.**

G. The estimated length of trial is 6-7 days.

---

[8] As to forfeiture actions, dispositive motions on any "claims and/or defenses" include any motions to suppress.

**VII.  CONFERENCING WITH THE COURT**:

A. Initial Case Conference:

☐ At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

☒ All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties.

B. Interim Status Conference:

☐ At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: (month/year).

☒ The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

**Reminder:** **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices, including those provisions discussing discovery of Electronically Stored Information and Privileged Information**.

Dated: May 20, 2024.

| | |
|---|---|
| /s/ *Susan K. Sapp* | /s/ *Maren Lynn Chaloupka* |
| Susan K. Sapp, NSBA #19121 | Maren Lynn Chaloupka, NSBA # 20864 |
| Lily Amare, NSBA #25735 | Chaloupka Law LLC |
| Cline Williams Wright Johnson & Oldfather, L.L.P. | 1906 Broadway |
| | P.O. Box 1724 |
| 1900 U.S. Bank Building | Scottsbluff, NE  69363-1724 |
| 233 South 13th Street | (308) 270-5091 |
| Lincoln, NE 68508 | mlc@chaloupkalaw.net |
| (402) 474-6900 | |
| ssapp@clinewilliams.com | Attorney for Plaintiff |
| lamare@clinewilliams.com | |

13

| | |
|---|---|
| AND | /s/ *Denise E. Frost* |
| | Denise E. Frost, NSBA #18794 |
| Bren H. Chambers, #23150 | Johnson & Mock, PC LLO |
| Deputy General Counsel | 9900 Nicholas Street, #225 |
| University of Nebraska | Omaha, NE  68114 |
| 3835 Holdrege Street | (402) 346-8856 |
| Lincoln, NE  68583-0745 | dfrost@johnsonandmock.com |
| (402) 472-1201 | |
| bchambers@nebraska.edu | Attorney for Defendant Love |

Attorneys for Defendants Board of Regents of the University of Nebraska, Amy Williams and Trev Alberts

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

/s/ *Maren Lynn Chaloupka*