IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ASHLEY SCOGGIN, | ) | Case No. 4:24-CV-3039 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and Individuals AMY WILLIAMS, TREV ALBERTS, and CHUCK LOVE, JR., In their individual capacities, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE JURY DEMAND

Submitted by:

Susan K. Sapp, #19121
Lily Amare, #25735
CLINE WILLIAMS WRIGHT JOHNSON
    & OLDFATHER, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, Nebraska 68508
Telephone: (402) 474-6900
Fax: (402) 474-5393
ssapp@clinewilliams.com
lamare@clinewilliams.com

AND

Bren H. Chambers, #23150
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
(402) 472-1201
bchambers@nebraska.edu

Dated the 17th day of January, 2025.

Pursuant to FED. R. CIV. P. 12(f), the Board of Regents of the University of Nebraska ("BRUN" or "Board of Regents"); Amy Williams ("Williams"), in her individual capacity; and Trev Alberts ("Alberts"), in his individual capacity (collectively referred to as "Defendants"), respectfully submit this Brief in support of their Motion to Strike Plaintiff's demand for a jury trial ("Motion") with respect to the Third and Fourth Causes of Action. [Doc. No. 1.]

## I.   BACKGROUND

On February 18, 2024, Plaintiff Ashley Scoggin ("Scoggin"), a former student at the University of Nebraska-Lincoln ("University"), filed a lawsuit (hereinafter referred to as "Complaint") against the Board of Regents; Amy Williams, in her individual capacity; Trev Alberts, in his individual capacity, and Chuck Love, Jr., in his individual capacity.

BRUN respectfully moves this Court to strike the jury demand in the Plaintiff's Complaint because Plaintiff has no constitutional or statutory right to a jury trial on claims asserted in the Third and Fourth Causes of Action. In a lawsuit against a state agency—which BRUN is—Plaintiff has a right to a jury trial **only** where the right is one of the terms of the government's consent to be sued, which waiver of immunity must be unequivocally expressed or clearly implied. There is no clear or expressed language waiving such immunity; therefore, Plaintiff is not entitled to a jury trial on her Title IX claims against BRUN. Moreover, at common law, no action for damages lay against public officials acting in their official capacities as agents of the sovereign, and thus no right to a jury trial for such a claim. See *Buss v. Douglas*, 59 F.R.D. 334, 336 (D. Neb. 1973).

## II.   ARGUMENT

Under Rule 12(f) of the Federal Rules of Civil Procedure, a party may request a court to strike from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter. Therefore, Rule 12(f) can be used to strike a jury demand. *Harms v. City of N. Platte*, No. 8:17CV301, 2017 WL 6501848, at *1 (D. Neb. Dec. 19, 2017) (striking jury demand pursuant to Rule 12(f)). As detailed herein, Plaintiff is not entitled to a jury trial

2

on her Title IX claim, or any claims asserted pursuant to the Fourth Cause of Action. Plaintiff's jury demand regarding these claims should be stricken.

A. **PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL ON HER TITLE IX CLAIM.**

In the Third Cause of Action, Plaintiff alleges a Title IX violation. [*See* Doc. No. 1, ¶¶ 85 – 93.] The Third Cause of Action is arguably asserted against BRUN. However, the Complaint does not expressly state that the Third Cause of Action is limited to BRUN. To the extent the Third Cause of Action is asserted against the other individual Defendants, the individual Defendants are asking the Court to strike the jury demand with respect to the Third Cause of Action alleging a Title IX violation, in its entirety. The Plaintiff is not entitled to a jury with respect to this claim.

The U.S. Supreme Court, Eighth Circuit Court, and the Nebraska Supreme Court have held state entities enjoy sovereign immunity under the Eleventh Amendment and general state sovereign immunity, absent consent. See *Allen v. Cooper,* 140 S. Ct. 994, 1000 (2020); *Church v. Missouri,* 913 F.3d 736, 742 (8th Cir. 2019); *Jill B. v. State,* 297 Neb. 57, 66, 899 N.W.2d 241, 250 (2017). A state's sovereign immunity "derives both from common law tradition and constitutional design." *Carroll v. Douglas Cnty., Nebraska,* No. 8:21-CV-233, 2021 WL 4504334, at *6 (D. Neb. Oct. 1, 2021) (citing *Alden v. Maine,* 527 U.S. 706, 733 (1999).

BRUN is a state agency, entitled to state sovereign immunity under both the constitutional designs of the Eleventh Amendment to the U.S. Constitution and the Nebraska Constitution, and under common law. See *Doe v. Univ. of Nebraska,* 451 F. Supp. 3d 1062, 1101 (D. Neb. 2020) (holding BRUN and the University are entitled to sovereign immunity).

"A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction." *Burke v. Bd. of Trustees of Nebraska State Colleges,* 302

Neb. 494, 502, 924 N.W.2d 304, 311 (2019). It is a well settled principle that "statutes purporting to waive the protection of sovereign immunity are to be ***strictly construed in favor of the sovereign and against waiver***." Edwards v. Douglas Cty., 308 Neb. 259, 267-68 (2021) (emphasis added).

To determine whether a plaintiff is entitled to a jury trial on a claim against a state, courts first look to the statute itself. Tull v. United States, 481 U.S. 412, 417-418 (1987). "The pivotal issue is whether the statutory language underlying the Plaintiff's claims secures the right to a jury trial." Casteel v. City of Crete, No. 4:16CV3166, 2017 WL 3635184 at *3 (D. Neb. Aug. 23, 2017). "If the statute in question expressly provides for a jury trial, that is the end of the matter. If the statute is silent on the issue of jury trial, then it is necessary to inquire whether a jury trial is constitutionally required under the Seventh Amendment." Casteel, 2017 WL 3635184, at *3 (quoting Pandazides v. Va. Bd. of Educ., 13 F.3d 823, 827 (4th Cir. 1994)).

***First***, there is no provision in Title IX or 42 U.S.C. § 2000d–7 imposing a waiver of sovereign immunity including a jury trial, or even requiring or addressing a trial by jury. Title IX does not provide Plaintiff a right to a jury trial against a state agency. It is true that 42 U.S.C.A. § 2000d-7 provides the "state shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of…section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], Title IX…by recipients of Federal financial assistance." However, there is no clear or express language in 42 U.S.C. § 2000d-7 or the general provisions of Title IX waiving sovereign immunity for jury trial.

In fact, this court has held "[P]rovisions of Title IX do[es] not contain explicit textual authorization for a jury trial." Abdulsalam v. Bd. of Regents of Univ. of Nebraska, No. 4:22CV3004, 2023 WL 2374460, at *1 (D. Neb. Mar. 6, 2023). *See also* Doe v. Bd. of Regents of Univ. of Nebraska, No. 4:21CV3049, 2023 WL 2351687, at *2 (D. Neb. Mar. 3, 2023).

4

**Second**, Plaintiff is not guaranteed a jury trial under the Seventh Amendment of the Constitution, because the rule of sovereign immunity, "an ancient rule inherited from the days of absolute monarchy," pre-dates the Seventh Amendment. *See Jill B. v. State*, 297 Neb. 57, 66–67, 899 N.W.2d 241, 250 (2017). To determine whether the Seventh Amendment requires a jury trial pursuant to a statutory cause of action, such as Plaintiff's Title IX case, the Plaintiff must show: (1) the cause of action was "tried at law at the time of the founding or is at least analogous to one that was;" and (2) that the particular trial decision must fall to the jury in order to preserve the substance of the common law right as it existed in 1791. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999) (internal quotation marks and citations omitted).

In this case, there is no historical right to a jury trial against the State or its officers. "In 1875, there was no right to a jury trial on any issue in a suit against the State or its political subdivisions because the common-law doctrine of sovereign immunity, and the related common-law doctrine of governmental immunity, operated to bar such suits at that time." *Jacobson v. Shresta*, 288 Neb. 615, 624, 849 N.W.2d 515, 521 (2014). The Nebraska Supreme Court has supported this reasoning:

> The rule of sovereign immunity has been characterized as "'an ancient rule inherited ***from the days of absolute monarchy***'" or, less pejoratively, as ***an inheritance of 18th-century English law***. It rests upon a broad doctrine recognizing the right of sovereign authority to be free of such liability except to the extent that it is waived or abrogated by the Legislature. The doctrine predated our state constitution, which was adopted with this rule in mind.

*Jill B. v. State*, 297 Neb. 57, 66–67, 899 N.W.2d 241, 250 (2017). *See e.g., Carroll v. Douglas County*, 8:21CV233, 2021 WL 4504334, at *6 (D. Neb. Oct. 1, 2021) (holding plaintiff's suit under Section 1983 against Douglas County, a political subdivision of Nebraska, would be contrary to the common-law right to a jury as it existed in 1791 because Douglas County would enjoy sovereign immunity); *Casteel*, 2017 WL 3635184, at *3 (quoting *Jacobsen v. Shresta*, 288 Neb. 615, 624 (2014) ("Under Nebraska law, there was no historical right to a jury trial against the State or its political subdivisions 'because of the common-law doctrine

5

of sovereign immunity, and the related common-law doctrine of governmental immunity.'");  *Villaneuva v. City of Scottsbluff*, No. 4:11CV3185, 2012 WL 45406 (D. Neb. Jan. 9, 2012) (finding no right to a jury trial on a § 1983 claim for negligent infliction of emotional distress "since there was no common law right to sue the political subdivisions of the State of Nebraska, there was no Seventh Amendment right to a jury trial" (citing *Gragg v. City of Omaha*, 812 F. Supp. 991, 992–93 (D. Neb. 1993)); and *Buss v. Douglas*, 59 F.R.D. 334, 336 (D. Neb. 1973) ("At common law no action for damages, exemplary or otherwise, lay against public officials acting in their official capacities as agents of the sovereign.").

Specific to a Title IX case, this Court held that "when the Seventh Amendment was adopted, there was no action equivalent to Plaintiff's Title IX claim against BRUN." *Doe*, No. 4:21CV3049, 2023 WL 2351687, at *2. *See also Abdulsalam*, 2023 WL 2374460, at *2 (holding same).

***Third***, to the extent this claim is asserted against Alberts and Williams, Plaintiff is not entitled to a jury trial for the same reasons as discussed in Section II.B *infra*, which they incorporate as though fully set forth herein; i.e. the STCA applies (Title IX is inapplicable to individual Defendants) and it does not allow a jury trial for claims brought against state officials for actions or inactions in the scope of their employment.

Accordingly, because no right to a jury trial existed under the common law against the sovereign state, and there is no express or clear language in 42 U.S.C.A. § 2000d-7 or Title IX waiving such immunity, there is no right to a jury trial for Plaintiff's claims under Title IX.

B.  **PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL ON HER A FOURTH CAUSE OF ACTION ASSERTED AGAINST ALBERTS.**

In the Fourth Cause of Action, asserted against Alberts, in his individual capacity, under 42 U.S.C. § 1983, Plaintiff alleges, "Alberts ratified Williams' decision to remove Scoggin, did not order investigation into Love's predation behavior, did not order investigation into whether Williams was aware that Love presented a risk of sexual

6

predation, did not order training, did not clarify policies, encouraged Scoggin to leave, and allowed Love to resign voluntarily." [Doc. No. 1, ¶ 94.] Notably, Plaintiff does not assert a constitutional violation in the Fourth Cause of Action. [See Doc. No. 1, ¶ 94 – 95.]

[T]he basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Rohren v. Centennial Pub. Sch. Dist. 67-R,* No. 4:07CV3150, 2007 WL 4118943, at *1 (D. Neb. Nov. 16, 2007) (quoting *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 307 (1986)). "Damages for a constitutional violation are a legal remedy,' (*City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 710 (1999)), and 'a § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment.' *City of Monterey,* 526 U.S. at 709." *Id.* "42 U.S.C. § 1983 does not expressly provide for the right to a jury trial;" "therefore, any right to a jury trial on Plaintiff's claims must be based on a Seventh Amendment analysis." *Oglesby v. Lesan,* No. 4:16CV3189, 2017 WL 2345666, at *3 (D. Neb. May 30, 2017), aff'd, No. 4:16CV3189, 2017 WL 2881128 (D. Neb. July 6, 2017) (citation omitted).

In this case, Plaintiff's Fourth Cause of Action is not premised on a constitutional right. Instead, it is reminiscent of a tort claim, for which there is no entitlement to a jury.

The Nebraska State Tort Claims Act ("STCA") applies to a tort claim against a state agency and state officials. *See* NEB. REV. STAT §§ 81-8,209 et seq. The application of the STCA to a claim against a state official occurs regardless of whether the claim is against a state official in their individual capacity. As the Nebraska Supreme Court explained:

> Under § 81-8,210, whether a plaintiff has sued a state officer or employee in his or her individual capacity is irrelevant to whether the STCA bars a tort claim against that officer or employee. That is because § 81-8,210(4) defines a tort claim to mean a claim for money damages caused by the wrongful or negligent conduct of an officer or employee who was acting "within the scope of his or her office or employment, under circumstances in which the state, if a private person, would be liable to the claimant for such damage, loss, injury, or death." And ***§ 81-8,209 authorizes tort liability for a state officer or employee only to the extent the STCA permits. So, under the STCA's definition of a tort claim, plaintiffs are limited to suing state officers and employees in their official capacities.***

7

*Davis v. State*, 297 Neb. 955, 970, 902 N.W.2d 165, 181 (2017). *See Kruger v. Neb.*, 820 F.3d 295 (8th Cir. 2016) (holding the district court correctly dismissed claims asserted against department officials in their individual capacities "because the department officials' actions were taken while they were acting in the scope of their employment," and "the STCA limits Kruger [the plaintiff] to proceeding against the department officials in their official capacities."); *D.M. v. State*, 23 Neb. App. 17, 867 N.W.2d 622, 632 (2015) (holding any tort claim against the employees must be brought under the State Tort Claims Act); and *Lundberg v. Univ. of Neb.*, No. 4:CV95-3448, 1996 WL 883606, at *4 (D. Neb. Nov. 25, 1996) (holding BRUN and the University of Nebraska are "agencies of the state," and "[a]s such, suits against them must be brought in accordance with the State Tort Claims Act.")

Here, there is no question that the Fourth Cause of Action is brought against Alberts for actions or inactions within the scope of his employment with a state agency (BRUN). [*See* Doc. No. 1.] This means the STCA limits the Plaintiff to proceeding against Alberts—a state official—in his official capacity. Accordingly, because "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity," sovereign immunity applies. *King v. City of Crestwood, Missouri*, 899 F.3d 643, 650 (8th Cir. 2018). *See also James v. Nebraska*, No. 8:09CV112, 2009 WL 10664338, at *4 (D. Neb. Nov. 17, 2009).

Similarly, Plaintiff is not entitled to a jury for her tort claim against Alberts. The STCA does not allow it:

> The district court, ***sitting without a jury***, shall have exclusive jurisdiction to hear, determine, and render judgment on any suit or tort claim. Suits shall be brought in the district court of the county in which the act or omission complained of occurred or, if the act or omission occurred outside the boundaries of the State of Nebraska, in the district court for Lancaster County.

NEB. REV. STAT. § 81-8,214 (emphasis added). Even the jury instructions for the Tort Claims Acts state, "Jury instruction on this issue is no longer called for. By statue, causes of action

8

under Nebraska's Tort Claims Acts are now tried without a jury." 1 Neb. Prac., NJI2d Civ. 8.72.

In *Jacobson v. Shresta*, the Nebraska Supreme Court further addressed the issue of whether a plaintiff is entitled to a jury trial on a claim against a Nebraska political subdivision and held it was not. The Court explained:

> [T]he [Nebraska] Legislature has the right to decide the terms under which it will waive its sovereign and governmental immunity for tort actions against the State or its political subdivisions . . . And because the Legislature has determined when and how it will waive the State's sovereign and governmental immunity, we will find a waiver of such immunity only where stated by express language or clear implications.

*Jacobson*, 288 Neb. at 625, 849 N.W.2d at 521-22. "Because a jury trial is not one of the terms of its waiver of governmental immunity under the PSTCA," the Nebraska Supreme Court held there was no right to a jury trial on that claim. *Id.*; *see also Frosh ex rel. Rohrbouck v. N. Platte Pub. Sch.*, No. 7:06CV5014, 2006 WL 3388642, at *2 (D. Neb. Nov. 21, 2006) (striking plaintiff's jury trial demand against North Platte Public Schools because there was no express waiver of sovereign immunity as to a jury trial).

"Because the language of the intentional tort exception is nearly identical under both the PSTCA and the STCA, the cases construing the exception under the PSTCA are applicable to cases under the STCA and vice versa." *Pieper v. State*, 29 Neb. App. 912, 918, 962 N.W.2d 715, 719 (2021) (internal citation omitted).

Finally, the Plaintiff has no right to a jury trial on her claim asserted in the Fourth Cause of Action against Alberts "because at common law no action for damages . . . lay against public officials acting in their official capacities as agents of the sovereign." *Buss*, 59 F.R.D. at 336. *See Rohren*, No. 4:07CV3150, 2007 WL 4118943, at *2. "[S]ince there was no common law right to sue the political subdivisions of the State of Nebraska, there was no Seventh Amendment right to a jury trial." *Id.* (citing *Gragg v. City of Omaha,* 812 F.Supp. 991, 992–93 (D. Neb.1993)).

9

Accordingly, because there is no express language preserving the right to a jury trial against state agencies or state officials acting within the scope of their employment under Title IX, the STCA, or common law, Plaintiff's jury demand with respect to the Third and Fourth Causes of Action must be stricken.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant its Motion to Strike Jury Demand.

Dated this 17th day of January, 2025.

                    BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and Individuals AMY WILLIAMS, TREV ALBERTS, Defendants

By:   /s/ Lily Amare
Susan K. Sapp, #19121
Lily Amare, #25735
Cline Williams Wright
 Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

        AND

Bren H. Chambers, #23150
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
(402) 472-1201
bchambers@nebraska.edu

**CERTFICATE OF COMPLIANCE**

I, Lily Amare, hereby certify that this Brief complies with the limits set forth in NECivR 7.1(d). Further, based on the Word Count function of Microsoft Word 2013-word processing software, applied to include all text, including the caption, headings, footnotes, and quotations, I certify this Brief contains 3,406 words.

I further certify that no generative artificial intelligence program was used in drafting this document.

/s/ Lily Amare
Lily Amare

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

/s/ Lily Amare
Lily Amare

4905-1401-2685, v. 2