IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ASHLEY SCOGGIN,<br><br>      Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and individuals AMY WILLIAMS, TREV ALBERTS, and CHUCK LOVE, JR., in their individual capacities,<br><br>      Defendants. | Case No. 4:24-cv-3039<br><br><br>**MOTION FOR LEAVE TO SUBMIT OUT OF TIME BRIEF OPPOSING IN PART BRUN'S MOTION TO STRIKE** |

Ashley Scoggin, Plaintiff in the above-captioned matter, by and through her counsel of record, moves for leave to submit out of time her Brief Opposing in Part Defendant BRUN's Motion to Strike (attached to this Motion as Exhibit "A"):

1.

BRUN filed its Motion to Strike (Filing #42) on January 17, 2025. The undersigned should have filed her Brief Opposing in Part BRUN's Motion to Strike on February 3 (and calendared that due date).

2.

There is not a good reason why the undersigned was belated in that task. The insufficient reasons include travel out of state for depositions, unexpected intake of a new murder case and focus on resolving an unrelated case before its pretrial conference out of state, followed by work travel twice more in the weeks that followed.

3.

The undersigned apologizes to this Court and counsel for this delay, and hopes that BRUN is not prejudiced by the belated submission of her Brief Opposing In Part BRUN's Motion to Strike. Obviously, the undersigned would not complain if BRUN requested a commensurate (or even longer) delay for its due date for a Reply Brief.

4.

In her Brief Opposing In Part BRUN's Motion to Strike, the undersigned is not opposing the Motion to Strike a jury demand as to BRUN on the Third Cause of Action. The focus of the Brief is on the Motion to Strike the jury demand as to ALBERTS on the Fourth Cause of Action. The Brief is attached as Exhibit "A" to this Motion.

WHEREFORE, Plaintiff respectfully requests leave to submit her Brief Opposing In Part BRUN's Motion to Strike Out of Time.

ASHLEY SCOGGIN, Plaintiff,

By: /s/ *Maren Lynn Chaloupka*
Maren Lynn Chaloupka – NSBA # 20864
Chaloupka Law LLC
1906 Broadway
P.O. Box 1724
Scottsbluff, NE   69363-1724
(308) 270-5091
mlc@chaloupkalaw.net

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been sent via CM/ECF on the 18th day of February 2025, to the following:

Susan K. Sapp
Lily Amare
Cline Williams Wright Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South13th Street
Lincoln, NE 68508
ssapp@clinewilliams.com
lamare@clinewilliams.com

Bren H. Chambers
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE  68583-0745
bchambers@nebraska.edu

Denise E. Frost
Johnson & Mock, PC LLO
9900 Nicholas Street, #225
Omaha, NE  68114
dfrost@johnsonandmock.com

    /s/ *Maren Lynn Chaloupka*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ASHLEY SCOGGIN,<br><br>                     Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and individuals AMY WILLIAMS, TREV ALBERTS, and CHUCK LOVE, JR., in their individual capacities,<br><br>                     Defendants. | Case No. 4:24-cv-3039<br><br><br>**BRIEF OPPOSING IN PART BRUN'S MOTION TO STRIKE** |

Ashley Scoggin, Plaintiff in the above-captioned matter, by and through her counsel of record, submits this Brief Opposing in Part Defendant BRUN's Motion to Strike:

**I.**

**The Third Cause of Action**

We recognize the authority of this Court addressing the availability of jury trials where BRUN is a defendant.[1] The Third Cause of Action focuses on BRUN (referenced as "NU" in the Complaint).[2] It does not make specific allegations against the individual Defendants except to allege that BRUN failed to correct and ratified unconstitutional conduct by individual Defendants.

**II.**

**The Fourth Cause of Action**

---

[1] *Doe v. Board of Regents of Univ. of Neb.*, 2023 WL 2351687 (D. Neb. 2023); *Abdulsalam v. Board of Regents of Univ. of Neb.*, 2023 WL 2374460 (D. Neb. 2023).
[2] *Complaint* (Filing #1) at ¶ 93 ("She has lost educational benefits and other benefits of being a starter on the Cornhusker women's basketball team, as a direct and proximate result of NU's deliberate indifference to her rights under Title IX.")

BRUN's allegation that "Plaintiff's Fourth Cause of Action is not premised on a constitutional right" is incorrect. A plaintiff can establish a civil rights cause of action by showing that a final municipal policymaker approved an investigation that was "so inadequate as to constitute a ratification" of the misconduct.[3] *City of St. Louis v. Praprotnik*[4] speaks of liability for a single unconstitutional act: "If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final."

Courts within the Eighth Circuit have recognized ratification of an unconstitutional act or policy as a valid cause of action under 42 U.S.C. § 1983.[5] This Circuit has held that a supervisor incurs § 1983 liability for a violation of a federally protected right when the supervisor is personally involved in the violation "or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation"[6]: "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see."[7]

*Wagner* was a § 1983 case filed by a politically-conservative plaintiff who alleged that a law school dean discriminated against her in violation of her First Amendment rights of political belief

---

[3] *Wright v. City of Canton*, 138 F. Supp.2d 955, 966 (N.D. Ohio 2001)
[4] *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988); *see also See, e.g., Woodward v. Correctional Medical Servs.*, 368 F.3d 917, 930 (7th Cir. 2004) (refusal to investigate staff misconduct that can affect health of inmates is relevant to prove deliberate indifference).
[5] *See, e.g., Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 947 (8th Cir. 2017) ("In addition to creating municipal liability for their own actions, final policymakers can also create this liability by either delegating policymaking authority to a subordinate or ratifying the actions of a subordinate"); *Jackson-MacKay v. Cotant*, 2022 WL 542615 (D. Neb. 2022) (recognizing *Praprotnik*-based cause of action for ratification); *Speer v. City of Wynne, Arkansas*, 276 F.3d 980, 987 (8th Cir. 2002) ("on remand, the district court should specifically determine who denied Speer the opportunity to clear his name and whether that person had final policymaking authority over City employment decisions").
[6] *Wagner v. Jones*, 664 F.3d 259, 275 (8th Cir. 2011)
[7] *Ottman v. City of Independence, Mo.*, 341 F.3d 751, 761 (8th Cir. 2003).

and association, by not hiring her as a full-time instructor. She appealed the dismissal of her case on qualified immunity. The law school dean argued that it was the faculty committee, not her, that recommended not hiring the plaintiff; that she always adopts the faculty's recommendation; and that the faculty did not recommend hiring the plaintiff for reasons unrelated to her political beliefs.

But the Circuit found that the plaintiff presented a jury question of whether the dean had direct involvement through her alleged non-involvement. It observed that the dean "apparently did nothing to ensure that the faculty did not impermissibly consider [the plaintiff's] politics in making its recommendation as to whom she should hire even though [the dean] was present for the faculty discussion."[8] When an associate dean contacted the dean to ask if the plaintiff's politics played a role in the decision to not hire her, the dean

> apparently completed no further investigation other than speaking to [the associate dean]. More importantly, [the dean] took no steps to ensure that the faculty did not take [the plaintiff's] political associations and beliefs into consideration when the faculty voted on whether to recommend her for an adjunct LAWR position. [The dean] supported [the plaintiff] serving as an adjunct instructor because she asked [another employee] to follow up with [the plaintiff] to determine whether she was interested in the adjunct position. But [the dean] refused to hire [the plaintiff] and instead relied on the faculty's recommendations. [The dean] did not provide [the plaintiff] with any explanation as to why she chose not to hire her for any of the adjunct positions.[9]

Noting that "a supervisor may be held individually liable under § 1983 if [s]he directly participates in the constitutional violation[10]," the *Wagner* court reversed the district court's decision to confer qualified immunity on the dean. The plaintiff's claim was based on the dean's

---

[8] *Id.* at 274.
[9] *Id.*
[10] *Id.* at 275 (*citing and quoting* ***Riehm v. Engelking***, 538 F.3d 952, 962-63 (8th Cir. 2008) and ***Brockinton v. City of Sherwood***, 503 F.3d 667, 674 (8th Cir. 2007)).

own actions and omissions during the hiring process; and on allegations that even though the dean was on notice that the plaintiff's political beliefs may have impermissibly affected the faculty's hiring recommendation, she still refused to hire the plaintiff.[11]  On that finding, the Circuit remanded the case for trial.

In *Wright v. City of Canton, supra*, the plaintiff alleged excessive force in his arrest, and that the defendant municipality ratified the unconstitutional use of force by failing to adequately investigate its officers' conduct. The plaintiff sustained severe injuries during the arrest. When a physician asked the arresting officers what had happened, the officers gave conflicting stories. Believing that the officers' stories could not have led to such extensive injuries, the physician contacted the police department.[12]  The department opened an investigation into the arrest, which continued "for a little more than one month."[13]  Its investigator interviewed the arresting officers, the plaintiff, paramedics and an additional witness. He did not, however, interview the physician whose contact to the police department spurred the investigation.

The United States District Court for the Northern District of Ohio found that the plaintiff had offered "evidence showing the investigation was not designed to discover what actually happened."[14]  Because the investigator never interviewed the physician, the investigation concluded without information that would have enabled the investigator to accurately assess the events at issue.

The summation would be that ratification of a civil rights violation by a final policymaker is a distinct, and recognized, cause of action within 42 U.S.C. § 1983.  We respectfully disagree

---

[11] *Id.*
[12] *Wright, supra*, 138 F. Supp.2d at 959-60.
[13] *Id.* at 960.
[14] *Id.*

with BRUN's characterization of the same as "reminiscent of a tort claim,"[15] and ask this Court to deny BRUN's Motion to Strike as to the Fourth Cause of Action.

ASHLEY SCOGGIN, Plaintiff,

By: /s/ *Maren Lynn Chaloupka*
Maren Lynn Chaloupka – NSBA # 20864
Chaloupka Law LLC
1906 Broadway
P.O. Box 1724
Scottsbluff, NE   69363-1724
(308) 270-5091
mlc@chaloupkalaw.net

### CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the above Brief contains 1,079 words.

/s/ *Maren Lynn Chaloupka*

---

[15] *Brief in Support of Defendants' Motion to Strike Jury Demand* (Filing # 43) at 7.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been sent via email on the 18th day of February 2025, to the following:

Susan K. Sapp
Lily Amare
Cline Williams Wright Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South13th Street
Lincoln, NE 68508
ssapp@clinewilliams.com
lamare@clinewilliams.com

Bren H. Chambers
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
bchambers@nebraska.edu

Denise E. Frost
Johnson & Mock, PC LLO
9900 Nicholas Street, #225
Omaha, NE 68114
dfrost@johnsonandmock.com

              */s/ Maren Lynn Chaloupka*