IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ASHLEY SCOGGIN,

            Plaintiff,

vs.

BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, AMY WILLIAMS, in her individual capacity; TREV ALBERTS, in his individual capacity; and CHUCK LOVEJR., in his individual capacity;

            Defendants.

4:24CV3039

ORDER

      This matter is before the Court on Plaintiff's Motion for Leave to Submit Out of Time Brief Opposing in Part BRUN's Motion to Strike Plaintiff's Jury Demand. (Filing No. 45). For the reasons stated herein, the motion is denied.

      Defendants BRUN, Trev Alberts, and Amy Williams filed their Motion to Strike Jury Demand on January 17, 2025. (Filing No. 42). Defendant Love joined the Motion to Strike on January 20, 2025. (Filing No. 44). Plaintiff's response was due January 31, 2025. Because she did not respond, the Defendants did not file a reply brief. The motion became ripe for court review on February 7, 2025.

      On February 18, 2025, Plaintiff filed her Motion for Leave to submit a response brief out of time. Plaintiff acknowledges no good cause exists for her request, as required by Fed. R. Civ. P. 6(b). The court then must determine if Plaintiff's failure to file constitutes excusable neglect under Rule 6(b)(1)(B). S*ee Precision of New Hampton, Inc. v. Transtar*

*Indus., Inc.*, No. C14–2067, 2015 WL 12911989, at *1 (N.D. Iowa Nov. 30, 2015) (recognizing that a party who submits an untimely response to a motion for summary judgment "has the burden of showing it failed" to do so "because of 'excusable neglect' and that there is 'good cause' to grant its request for extension of time"). Plaintiff acknowledges that she calendared the due date of her response, but yet still failed to file. She further states that "there is not a good reason why the undersigned was belated in that task." While the court appreciates Plaintiff's candor, the parties have an obligation to comply with both the federal rules and local rules of civil practice, and the court must enforce them. Plaintiff acknowledged the deadline and has not suggested that her failure to file was due to a matter beyond her reasonable control. *Sugarbaker v. SSM Healthcare,* 187 F.3d 853, 856 (8th Cir. 1999)(recognizing that whether a party's delay was within its reasonable control is to be considered in assessing the reasons for the delay). The Court concludes that Plaintiff failed to demonstrate excusable neglect as required by Rule 6(b)(1)(B).

Plaintiff's Motion for Leave to file her brief out of time, Filing No. 45, is denied.

Dated this 21st day of February, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge
