IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ASHLEY SCOGGIN,<br><br>               Plaintiff,<br><br>  vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, AMY WILLIAMS, in her individual capacity; TREV ALBERTS, in his individual capacity; and CHUCK LOVE JR., in his individual capacity;<br><br>               Defendants. | **4:24CV3039**<br><br><br>**ORDER** |

    This matter is before the court on Defendants' Board of Regents of the University of Nebraska ("BRUN"), Amy Williams ("Williams"), and Trev Alberts' ("Alberts") Motion to Strike Plaintiff's Jury Demand. (Filing No. 42). Defendant Chuck Love, Jr. ("Love") joined the Motion to Strike on January 20, 2025. (Filing No. 44). Defendants filed a brief in support of its motion. (Filing No. 23). Plaintiff did not file a response.[1]

    Defendants argue Plaintiff does not have a constitutional or statutory right to a jury trial as to her Third and Fourth Causes of Action and moves to strike the jury demand pursuant to Fed.R.Civ.P. 12(f). For the following reasons, the motions are granted.

BACKGROUND

    Plaintiff filed suit against Defendants on February 18, 2024, alleging violations of 42 U.S.C. § 1983 and Title IX for actions and inactions taken by Defendants while Plaintiff

---

[1] Plaintiff filed a Motion for Leave to submit an opposing brief to Defendants' Motion ten days after the deadline, on February 18, 2025. (Filing No. 45). The court denied her motion for failure to state good cause. (Filing No. 49). Because Plaintiff failed to file an opposing brief, she is precluded from contesting the moving party's statement of facts, but such failure is not considered a confession of the motion. NECivR 7.1(b)(1)(C).

was a student athlete on the University of Nebraska women's basketball team. Plaintiff in particular alleges that Love, the assistant head coach, pursued an inappropriate sexual relationship and engaged in predatory behavior with Plaintiff. She alleges that Williams, as the head coach, discovered the inappropriate relationship and disciplined Plaintiff, rather than Love, by allowing teammates to interrogate and abuse her, and suspended her from the team for claims of dishonesty. She also asserts that Alberts, as the Vice Chancellor and Director of Athletics for the University of Nebraska, ratified Williams' decisions which ultimately led to Plaintiff's removal from the team. As a result, Plaintiff transferred to another school.

Plaintiff alleges in her Third Cause of Action a Title IX violation against BRUN for failure to protect Plaintiff from a hostile educational environment by subjecting her to sexual harassment by an employee of BRUN and failing to implement appropriate policies to protect her. The Fourth Cause of Action, asserted against Alberts in his individual capacity, alleges violation of 42 U.S.C. § 1983 because "Alberts ratified Williams' decision to remove Scoggin, did not order investigation into Love's predation behavior, did not order investigation into whether Williams was aware Love presented risk of sexual predation, did not order training, did not clarify policies, encouraged Scoggin to leave, and allowed Love to resign voluntarily." Filing No. 1, para. 94). Plaintiff filed a jury demand with her complaint as to all causes of action.

LEGAL ANALYSIS

Defendants argue that neither Title IX nor the Seventh Amendment grant a right to a jury trial in a Title IX claim because BRUN, a state agency, enjoys sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Virginia Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 253 (2011). "A State, however, may choose to waive its immunity in federal court at its pleasure." *Sossamon v. Texas,* 563 U.S. 277, 284 (2011). Still, "[a] State's consent to suit must be unequivocally expressed in the text of the relevant statute." Id. at 285. This court has consistently held that BRUN has not waived sovereign immunity that extends to jury trials in Title IX actions. See *Abdulsalam v. Board of Regents of the University of Nebraska*, No. 4:22CV3004, 2023 WL 2374460, at *2 (D. Neb. Mar. 6, 2023) (holding that although Title IX waives state sovereign immunity from suit, there is no provision in Title IX imposing a waiver that extends to a jury trial); *Doe 1 v. Bd. of Regents of the Univ. of Neb.*, No. 4:20CV3081, 2023 WL 3548212, at *2 (D. Neb. May 18, 2023) (finding that Title IX and

42 U.S.C. § 2000d-7 do not explicitly contain waivers of sovereign immunity that extend to a jury trial).

The reasons for this are clear. When a State has sovereign immunity, "the plaintiff has a right to a trial by jury only where that right is one of the terms of the [State's] consent to be sued, which term, like the waiver of immunity itself, must be unequivocally expressed." *Jacobson v. Shresta*, 288 Neb. 615, 624, 849 N.W.2d 515, 522 (2014). *See also Burke v. Bd. of Trustees of Nebraska State Colleges*, 302 Neb. 494, 502, 924 N.W.2d 304, 311 (2019) ("A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction."); *Lehman v. Nakshian,* 453 U.S. 156, 161 (1981) ("When Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial."). Title IX and 42 U.S.C. § 2000d-7 contain no such explicit language. Accordingly, Plaintiff is not entitled to jury trial against BRUN, a state agency, as it relates to her Title IX claim.

Defendants also argue that Plaintiff is not entitled to a jury trial for violations of 42 U.S.C. § 1983 against Alberts in his individual capacity, as asserted in her Fourth Cause of Action. The court agrees. The basic purpose of § 1983 damages is to compensate persons for injuries that are caused by a deprivation of constitutional rights. *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 307, 106 S.Ct. 2537, 2543 (1986). To recover under this section, plaintiff needs to assert a violation of her constitutional right, but she fails to do so. Plaintiff instead alleges broadly that "Alberts ratified Williams' decision to remove Scoggin, did not order investigation into Love's predation behavior, did not order investigation into whether Williams was aware that Love presented a risk of sexual predation, did not order training, did not clarify policies, encouraged Scoggin to leave, and allowed Love to resign voluntarily." (Filing No 1, at p. 25). She does not, however, clearly allege any violation of a constitutional right.

Instead, the allegations contained in Plaintiff's Fourth Cause of Action are reminiscent of a tort claim and therefore fall under the Nebraska State Tort Claims Act ("STCA"), Neb. Rev. Stat. § 81-8,209. The STCA requirements apply to defendants who have been sued in their individual capacities so long as they were acting within the scope of their employment. See *Davis v. State,* 297 Neb. 955, 902 N.W.2d 165, 181 (2017); *Kruger v. Nebraska*, 820 F.3d 295 (8th Cir. 2016). The Fourth Cause of Action seeks damages against Alberts for his alleged decision to remove plaintiff from the women's basketball team, failure to investigate plaintiff's claims of sexual predation against Love,

3

and failure to adequately train his employees. Plaintiff alleges that these actions were taken within the scope of Alberts' employment as Vice Chancellor and Director of Athletics for the University of Nebraska. Therefore, the STCA limits this cause of action against Alberts in his official capacity, which are considered claims against the University itself.

Because the court finds this cause of action falls under the STCA, rather than 42 U.S.C. § 1983, the court must then determine whether plaintiff is entitled to a jury trial under those statutes. The STCA, Neb. Rev. Stat. § 81-8,214 expressly provides: "The [state] district court, *sitting without a jury*, shall have exclusive jurisdiction to hear, determine, and render judgment on any suit or tort claim. Suits shall be brought in the district court of the county in which the act or omission complained of occurred[.]" *Id.* (emphasis added). Furthermore, and even applying a Seventh Amendment analysis, the plaintiff has no right to a jury trial against Alberts in his official capacity because "at common law no action for damages…lay against public officials acting in their official capacities as agents of the sovereign." *Rohren v. Centennial Public School Dist. 67-R*, 2007 WL 4118943 (D. Neb. Nov. 16, 2007) *citing Buss v. Douglas,* 59 F.R.D. 334, 336 (D. Neb. 1973). Therefore, the court finds that the STCA does not authorize a jury trial for tort claims made against public officials acting within the scope of their employment.

Defendant BRUN, as a state agency, has sovereign immunity. Although Title IX waives state sovereign immunity from suit, there is no provision in Title IX imposing a waiver of sovereign immunity that includes a right to a jury trial. Additionally, there is no common law right to a jury trial against public officials acting in their official capacities under the SCTA. Therefore, the jury demand for Plaintiff's Third and Fourth Cause of Action must be stricken.

## CONCLUSION

IT IS THEREBY ORDERED that BRUN's Motion to Strike Jury Demand (Filing No. 42) and Love's Motion to Strike Jury Demand (Filing No. 44) are granted. Plaintiff's demand for a jury trial is stricken as to her Third and Fourth Causes of Action.

Dated this 12th day of March, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge