IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ASHLEY SCOGGIN,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, AMY WILLIAMS, in her individual capacity; TREV ALBERTS, in his individual capacity; and CHUCK LOVEJR., in his individual capacity;<br><br>Defendants. | 4:24CV3039<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's Objection (Filing No. 51.) to the Magistrate Judge's Order granting Defendants' Motion to Strike the Jury Demand on Plaintiff's Third and Fourth Causes of Action. (Filing No. 50.) Plaintiff, Ashley Scoggin ("Scoggin"), a former student at the University of Nebraska-Lincoln ("University"), filed this action against the Board of Regents of the University of Nebraska ("BRUN" or "Board of Regents"); Amy Williams ("Williams"), in her individual capacity; Trev Alberts ("Alberts"), in his individual capacity; and Chuck Love, Jr., in his individual capacity (collectively referred to as "Defendants"), alleging violations of 42 U.S.C. § 1983 and Title IX for actions and inactions taken by Defendants while Plaintiff was a student athlete on the University of Nebraska women's basketball team. (Filing No. 1.)

### BACKGROUND

On January 17, 2025, Defendants, Board of Regents of the University of Nebraska, Amy Williams and Trev Alberts, filed a Motion, accompanied by a supporting Brief, to Strike Scoggin's Jury Demand with respect to the Complaint's Third and Fourth Causes of Action. (Filing No. 42; Filing No. 43.) On January 20, 2025, Defendant Chuck Love, Jr. joined and adopted the Motion to

1

Strike (including the briefs in support) filed by the other Defendants. (Filing No. 44.) Scoggin failed to file a brief opposing the Motion to Strike within the 14-day deadline prescribed by NECivR 7.1(b)(1)(B).

On February 18, 2025, Scoggin filed a Motion for Leave to Submit an Out-of-Time Brief, partially opposing the Motion to Strike. (Filing No. 45.) Magistrate Judge Ryan C. Carson denied Scoggin's motion, finding Scoggin failed to demonstrate excusable neglect. (Filing No. 49.) Scoggin did not object to that order, and the deadline for such an objection has passed. *See* Fed. R. Civ. P. 72(a); NECivR 7.1(b)(1)(B).

The Magistrate Judge granted Defendants' Motion, striking Scoggin's jury demand as to her Third and Fourth Causes of Action. (Filing No. 50.) Scoggin filed an Objection to and Appeal of the Magistrate Judge's March 12 Order on March 25, 2025. (Filing No. 51.) Scoggin does not object to the Magistrate Judge's order as it relates to the Third Cause of action and only objects to the Magistrate Judge's decision to strike the jury demand with respect to Scoggin's Fourth Cause of Action. (Filing No. 51.)

## STANDARD OF REVIEW

The statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 provides that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive' matters are covered by § 636(b)(1)(B). *See Gomez v. United States,* 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a magistrate judge's decision on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a). The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007).

## DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion in ruling on motions under Rule 12(f). *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

Scoggin's Fourth Cause of Action seeks damages against Alberts for his ratification of Williams' decision to remove Scoggin from the women's basketball team, his failure to investigate Scoggin's claims of sexual predation against Love, and Alberts' failure to adequately train his employees. (Filing No. 1 at 25.) Scoggin alleges that these actions were taken within the scope of Alberts' employment as Vice Chancellor and Director of Athletics for the University of Nebraska. (Filing No. 1 at 2.) According to Scoggin, Alberts ratified the violation of her rights. (Filing No. 1 at 25.)

The Magistrate Judge granted Defendants' Motion to Strike Scoggin's jury demand on her Fourth Cause of Action finding Scoggin does not clearly allege any violation of her constitutional rights in that cause of action. (Filing No. 50 at 3.) "Instead, the allegations contained in Plaintiff's Fourth Cause of Action are reminiscent of a tort claim and therefore fall under the Nebraska State Tort Claims Act ("STCA"), Neb. Rev. Stat. § 81-8,209." (Filing No. 50 at 3.) Because "there is no common law right to a jury trial against public officials acting in their official capacities under the SCTA," the Magistrate Judge determined the jury demand for Scoggin's "Fourth Cause of Action must be stricken." (Filing No. 50 at 3.)

Scoggin asserts the Magistrate Judge's determination that the allegations in the Fourth Cause of Action are akin to a tort claim under the STCA is incorrect. (Filing No. 52 at 1-2.) Scoggin argues that sovereign immunity, as raised by Defendants, is a question of federal law, and state laws cannot override federal law when they conflict. (Filing No. 52 at 2.) According to Scoggin, whether the claim resembles a tort claim does not shield Defendants from liability for violating her civil rights, and the Magistrate Judge failed to address her allegation regarding Alberts' ratification of Williams violation of Scoggin's civil rights under 42 U.S.C. § 1983. (Filing No. 52 at 3-7.)

Defendants assert alternate grounds for this Court to affirm the Magistrate Judge's order striking the jury demand for Scoggin's Fourth Cause of Action. (Filing No. 53 at 3-9.) Defendants first contend Scoggin is barred from presenting her arguments on appeal because she failed to raise them before the Magistrate Judge and therefore waived them for consideration on appeal. (Filing No. 53 at 3-6.) Alternatively, Defendants argue the Magistrate Judge's decision to strike the jury demand is fully supported by law because Scoggin failed to plead any constitutional right violation

3

under § 1983 in the Fourth Cause of Action, and instead alleged a state tort claim for which no right to a jury trial exists. (Filing No. 53 at 6-9.)

**Waiver of Issue on Appeal**

A party may not make arguments in objecting to a magistrate judge's report when those arguments have not been presented to the magistrate judge nor addressed in the judge's report. *See Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). "[T]he 'purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Reciprocal Exch. v. Noland*, 542 F.2d 462, 464 (8th Cir.1976). "To hold otherwise would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review." *Roberts*, 222 F.3d at 470.

Defendants suggest Scoggin's objection to the Magistrate Judge's decision should be rejected as it improperly raises arguments that she failed to present to the Magistrate Judge when the Motion to Strike was before it. (Filing No. 53 at 3.) Defendants assert Scoggin's brief in support of her Objection, repeats nearly verbatim arguments from the brief the Magistrate Judge previously rejected as untimely. (Filing No. 53 at 3.) According to Defendants, Scoggin's "objection to the March 12 Order is an unjustifiably untimely brief in opposition to the Motion to Strike", and this Court should "deem all of Plaintiff's arguments waived and affirm the Magistrate Judge's March 12 Order." (Filing No. 53 at 6.) While Defendants' arguments in this regard are well received, it is unnecessary to reach this issue. Upon review of the substantive issues presented, it is clear the Magistrate Judge correctly found that the jury demand with respect to Scoggin's Fourth Cause of Action should be stricken.

**Request to Strike Jury Demand**

In granting Defendants' Motion to Strike the jury demand in Scoggin's Fourth Cause of Action, the Magistrate Judge agreed with their argument that Scoggin is not entitled to a jury trial for the alleged violations of 42 U.S.C. § 1983 against Alberts in his individual capacity. (Filing No. 50 at 3.) To recover under § 1983, a plaintiff must assert a violation of constitutional rights. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307, 106 S. Ct. 2537, 91 L. Ed. 2d 249

(1986). ("The basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights.")

The Magistrate Judge found Scoggin's "Fourth Cause of Action seeks damages against Alberts for his alleged decision to remove plaintiff from the women's basketball team, failure to investigate plaintiff's claims of sexual predation against Love and failure to adequately train his employees." (Filing No. 50 at 3.) The Magistrate Judge also noted that Scoggin failed to allege any violation of constitutional rights in that cause of action. (Filing No. 50 at 3.) Accordingly, the Magistrate Judge likened Scoggin's Fourth Cause of Action to a tort claim under the STCA. (Filing No. 50 at 3.)

In an action under the STCA, plaintiffs must proceed against public officials in their official capacities. See *Kruger v. Nebraska,* 820 F.3d 295, 303-04 (8th Cir. 2016). The STCA does not authorize a jury trial for tort claims made against public officials acting within the scope of their employment. See Neb. Rev. Stat. § 81-8,214 ("The district court, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any suit or tort claim.").

Scoggin's Fourth Cause of Action alleges a tort claim, not a constitutional violation. There is no allegation of a due process violation or any other constitutional right violation against Alberts in the Fourth Cause of Action. As such, the claim must be analyzed under the appropriate tort framework, which does not entitle Scoggin to a jury trial.

The Magistrate Judge's decision is not clearly erroneous or contrary to law. Scoggin's argument that Defendants are not shielded from liability by likening the Fourth Cause of Action to a tort claim is without merit. Neither Defendants nor the Magistrate Judge assert that the STCA overrides federal claims. The allegations in Scoggin's Fourth Cause of Action do not establish any violation of Scoggin's constitutional rights by Alberts but rather violations sounding in tort, and actions under the STCA are not subject to trial by jury.

Scoggin also argues the Magistrate Judge's decision to strike the jury demand from her Fourth Cause of Action is improper because it fails to consider the allegations of Alberts ratifying the decisions of Williams. (Filing No. 52 at 3-4.) According to Scoggin, the Magistrate Judge incorrectly found Scoggin failed to allege a violation of her constitutional rights by Alberts in the

Fourth Cause of Action because ratification of an unconstitutional act presents a valid cause of action under 42 U.S.C. § 1983. (Filing No. 52 at 3-4.) Scoggin's argument is without merit.

Scoggin's assertion relating to ratification is inapplicable to her Fourth Cause of Action. Ratification is used to impose § 1983 liability on a government entity for decisions of a final policy maker that ratify unconstitutional acts of subordinates. *See Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941 (8th Cir. 2017). Scoggin's Fourth Cause of Action is against Alberts individually. To the extent she seeks to impose liability against Alberts for the actions of any subordinates, Scoggin's theory fails. Government officials may not be "held liable for unconstitutional conduct under a theory of *respondent superior*." *Rogers v. King*, 885 F.3d 1118, 1122–23 (8th Cir. 2018).

## CONCLUSION

Scoggin failed to plead any constitutional right violation by Alberts under § 1983 in her Fourth Cause of Action. As such, it is not premised on a constitutional violation, but rather a tort claim. Scoggin's attempt to elevate a state tort claim to the level of a federal constitutional violation is implausible, and there is no basis for a jury trial as it relates to the Fourth Cause of Action. The Magistrate Judge's decision to strike the jury demand is fully supported by law. Consequently, it is affirmed.

**IT IS ORDERED:**

1. Plaintiff's Objection (Filing No. 51.) to the Magistrate Judge's Order granting Defendants' Motion to Strike the Jury Demand on Plaintiff's Third and Fourth Causes of Action (Filing No. 50.) is overruled.

2. The Order of the Magistrate Judge (Filing No. 50.) striking the Jury Demand on Plaintiff's Third and Fourth Causes of Action is affirmed.

Dated this 8th day of May, 2025.

BY THE COURT:

*Susan M. Bazis*

Susan M. Bazis
United States District Judge