IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ASHLEY SCOGGIN,

Plaintiff,

v.

BOARD OF REGENTS OF THE
UNIVERSITY OF NEBRASKA, AMY
WILLIAMS, and TREV ALBERTS,

Defendants.

Case No. 4:24-cv-3039

**BRIEF IN SUPPORT OF
NONPARTY DERRICK
PEARSON'S MOTION FOR
EXPEDITED CONSIDERATION
AND EMERGENCY STAY OF
DEPOSITION**

## GROUNDS FOR EXPEDITED RELIEF

I.  **The Deposition Is Scheduled in Three Days and Cannot Be Resolved Through Normal Briefing.**

The Amended Subpoena commands Mr. Pearson to appear for deposition on March 19, 2026 at 9:00 a.m. Under the Local Rules of this Court, Defendants would have fourteen days to respond to a motion. NECivR 7.1(b)(1)(B). That briefing cycle will not conclude before the deposition date. Without expedited consideration, Mr. Pearson will be compelled to appear at the offices of his former attorneys before this Court has had the opportunity to determine whether that compelled appearance is lawful.

II.  **Allowing the Deposition to Proceed Before the Disqualification Ruling Would Moot the Remedy Entirely.**

The Motion to Disqualify and Motion to Quash ask this Court to enforce Nebraska Rule of Professional Conduct 3-501.9 and protect Mr. Pearson's attorney-client privilege against the firm that holds his confidences. Both remedies exist to

1

prevent harm, not to remedy it after the fact. If Cline Williams takes Mr. Pearson's deposition before this Court rules, the harm Rule 3-501.9 exists to prevent will have already occurred. The deposition will be on the record. Ms. Sapp's firm will have examined its former client. Confidential information may have been implicated, consciously or not, in the questions asked and the strategy employed. No subsequent order of disqualification can undo that examination.

This Court has inherent authority to stay proceedings to preserve the integrity of its own remedial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44, 111 S. Ct. 2123, 2132 (1991). It also has broad authority under Federal Rule of Civil Procedure 26(c) to issue a protective order to protect a party or person from annoyance, oppression, or undue burden, including an order staying compliance with a subpoena while related motions are pending. *See EEOC v. JBS USA, LLC*, No. 8:10CV318, 2012 U.S. Dist. LEXIS 5836 (D. Neb. Jan. 19, 2012). Allowing the deposition to proceed before the Court rules on the conflict motions would effectively allow Cline Williams to circumvent those motions by the passage of time. The stay is necessary to preserve the Court's ability to grant meaningful relief.

## III.    The Underlying Motions Present a Substantial Conflict of Interest and a Violation Already in Progress.

As set forth in the Motion to Quash and Motion to Disqualify, Cline Williams attorney Susan Sapp personally represented both Derrick Pearson and his wife, Rebecca Pearson, in a confidential legal matter for which no action was filed. That representation concluded on October 3, 2025. Cline Williams now seeks to compel his

testimony in litigation adverse to his interests. Nebraska Rule of Professional Conduct 3-501.9 prohibits this. The conflict is not borderline.

The March 13, 2026 letter from Ms. Sapp, attached as Exhibit A, confirms Cline Williams intends to proceed with the March 19 deposition and is unwilling to withdraw. The letter also establishes that the ethical violation is not merely prospective. On the March 13 meet-and-confer call, Ms. Sapp disclosed the nature of the prior representation, including names, and stated that the University of Nebraska already knows facts related to the prior representation. The letter then identifies in writing the categories of confidential information Ms. Sapp holds and proposes using an uninformed co-counsel as a proxy to examine Mr. Pearson on subjects Ms. Sapp acknowledges she cannot address. The motions must be resolved before the deposition date.

## IV. Mr. Pearson Has Attempted to Resolve This Issue Without Court Intervention.

The undersigned raised this conflict with Cline Williams in correspondence and in a meet-and-confer conference on March 13, 2026. Cline Williams declined to withdraw the subpoena. Defendants' counsel represented that it does not intend to question Mr. Pearson on matters relating to the prior representation, but refused to withdraw the subpoena or adjourn the deposition date. Court intervention is necessary.

3

## V.    A Brief Stay Will Not Prejudice Defendants.

A stay of the deposition pending resolution of the conflict motions does not prejudice Defendants' ability to conduct discovery. It requires only that the deposition of a nonparty witness be adjourned until the Court has determined whether the subpoena is lawfully issued. If the Court denies the Motion to Quash and the Motion to Disqualify, the deposition may proceed promptly thereafter. The burden on Defendants is the cost of a brief delay. The burden on Mr. Pearson if the stay is denied is compelled appearance before his former personal attorney in violation of the protections Rule 3-501.9 affords, a harm that cannot be undone.

## RELIEF REQUESTED

Nonparty Derrick Pearson respectfully requests that the Court:

1. Order expedited briefing on Mr. Pearson's Motion to Quash and Motion to Disqualify, with Defendants' response due within three business days of service of this motion;

2. Stay the deposition of Derrick Pearson currently scheduled for March 19, 2026 pending the Court's ruling on the Motion to Quash and Motion to Disqualify; and

3. Grant such other and further relief as the Court deems just.

4

DERRICK PEARSON, Nonparty,

_____
Thomas E. Horgan, #26980
HORGAN LAW, LLC
13304 West Center Rd, Ste. 109
Omaha, Nebraska 68144
contact@horganlawfirm.com
Attorney for Nonparty Derrick
Pearson

## CERTIFICATE OF COMPLIANCE

Pursuant to Nebraska Civil Rule 7.1(d)(1)(D), the undersigned certifies that the accompanying brief complies. According to the word count function of Microsoft Word, the word-processing software used in creation of this brief, the document contains 1,042 words, including the case caption, signature block, certificates of service, and compliance, as required by NECivR 7.1(d)(1)(A). Further, no portion of this document was drafted using generative artificial intelligence or, should generative artificial intelligence have been used in any portion in drafting this brief, the undersigned has reviewed and verified the accuracy of such content, including all citations and legal authorities, in accordance with NECivR 7.1(d)(2).

_____
Thomas E. Horgan, #26980

5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of electronic filing to all counsel of record.

_____
Thomas E. Horgan, #26980