IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ASHLEY SCOGGIN,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, AMY WILLIAMS, in her individual capacity; TREV ALBERTS, in his individual capacity; and CHUCK LOVEJR., in his individual capacity;<br><br>Defendants. | **4:24CV3039**<br><br><br>**ORDER TO SHOW CAUSE** |

This matter comes before the court on Plaintiff's inquiry regarding recently filed briefs and evidence that were ordered sealed. Third-party movant Derrick Pearson ("Pearson") filed several motions related to his deposition, including a Motion to Quash and Motion to Disqualify. The facts underlying the motions concern Cline Williams's prior representation of Pearson and related arguments about the confidentiality of that representation as it relates to his deposition in this case. Because the legal issues of those motions overlap, Pearson requested that the supporting briefs and Exhibit A remain sealed so as not to "broadcast the categories of Mr. Pearson's confidential information to every attorney in this case, to the parties and the public." (Filing No. 133). The court granted the Motion to Seal on March 18, 2026. (Filing No. 149).

Simultaneously, Pearson filed a motion to stay his deposition and for expedited review of these issues. (Filing No. 139). In response, the court contacted all counsel to schedule a status call regarding the pending motions to address them expeditiously, and to

also further determine whether the requested documents should be sealed or otherwise restricted as requested by Pearson. However, counsel could not find mutually availability for nearly two weeks. The court therefore determined that it would resolve the pending motions on the briefs and directed the parties to file their responses according to the standard briefing deadlines in the court's local rules. (Filing No. 150).

After Pearson brought these motions to the court's attention and the court ordered counsel to respond, Plaintiff's counsel inquired via email whether it was the court's intention that not all parties be able to access the sealed documents. That is a fair question. Pursuant to NEGenR 1.3(a)(1)(A)(i), a sealed document is not remotely accessible to the public or case participants. Without access to those filings, Plaintiff cannot meaningfully assess the nature of the issue.

Accordingly, the court orders Pearson to show cause by 5:00 p.m. on Thursday, March 26, 2026 why the sealed filings (Filing Nos. 134-138) should remain sealed as to all parties, rather than restricted to case participants and the court, pursuant to NEGenR 1.3(a)(1)(A)(i). To the extent Pearson is concerned about alerting other counsel in this case to these issues, the filing of the motions seems to undermine that concern.

Dated this 24th day of March, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge