IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ASHLEY SCOGGIN,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and individuals AMY WILLIAMS, TREV ALBERTS, and CHUCK LOVE, JR., in their individual capacities,<br><br>Defendants. | Case No. 4:24-cv-3039<br><br><br>**REPLY IN SUPPORT OF PLAINTIFF'S OBJECTION TO AND APPEAL OF MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AND ORDER** |

**I.**

**Motion for Leave to File Amended Complaint**

A. <u>Plaintiff incorporates the previous briefing on this Motion</u>

BRUN's framing of what Plaintiff did, and did not, object to[1] may be strategic, but it is unhelpful to this Court's analysis of Plaintiff's Objections.  This Court's local rules do not require an objecting party to restate the contents of a previously-submitted brief.[2]  If Plaintiff did not clarify in her Objections that she wishes to do so, Plaintiff does incorporate with her Objections her Brief in Support of Plaintiff's Motion for Leave to File First Amended Complaint and Finding of Good Cause[3], as well as her Reply Brief in Support of Plaintiff's Motion for Leave to File First Amended Complaint and for a Finding of Good Cause.[4]  To that same end, Plaintiff also

---

[1] BRUN's Brief in Opposition to Plaintiff's Objections to Findings, Recommendation and Order (Filing #159) at 5.
[2] NELR 72.2(a).
[3] Filing #93.
[4] Filing #112.

incorporates her Index of Evidence in Support of Plaintiff's Motion for Leave to File First Amended Complaint and for a Finding of Good Cause[5], and her Reply Index of Evidence in Support of Plaintiff's Motion for Leave to File First Amended Complaint and for a Finding of Good Cause.[6]

Within those briefs, Plaintiff did, in fact, address the regulations, contracts and university policies at issue.   That includes the Conduct Policy at the heart of this Motion[7] It also includes, for heaven's sake, the federal statutes and regulations that comprise Title IX of the Education Amendments of 1972.

A school faces Title IX liability when a school official with "authority to address the alleged discrimination and to institute corrective measures" has "actual knowledge" of the discrimination and failed to adequately respond.[8]   A school fails to adequately respond when it provides no response or if it provides a response that "amount[s] to deliberate indifference to discrimination."[9]   In this case, Associate Athletic Director for Compliance Jamie Vaughn reported to BRUN's Title IX Coordinator, Meagan Counley, that a parent had notified him that "ASHLEY was in [LOVE's] bed under the covers, and based on what the parent told Mr. Vaughn, that ASHLEY either was not clothed or was."   Counley's response was … no response.

Counley understood that Vaughn's report raised the potential of a sexual relationship between a coach and a student-athlete[10], and that coaches cannot have sex with their student-athletes.[11]   She understood that a sexual relationship between a coach and a student-athlete falls

---

[5] Filing #94.

[6] Filing #113.

[7] Plaintiff's Motion for Leave to File First Amended Complaint and Finding of Good Cause (Filing #92) at ¶¶ 6, 12-13, 17; Reply Brief on Plaintiff's Motion for Leave to File First Amended Complaint and Finding of Good Cause (Filing #112) at 13-18.

[8] *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).

[9] *Id.*

[10] *Counley depo.* 236:08.

[11] *Counley depo.* 170:16.

within the definition of "sexual harassment" that appears in the BRUN's Executive Memorandum setting out procedures for sexual misconduct reports against employees[12], as well as in BRUN Policy 2.1.8, "Sexual Misconduct."[13]   But she gave no instructions to Vaughn, nor did she give instructions to Deputy Sport Administrator Keith Zimmer when he called to make the same report of basketball players cracking into LOVE's room with an illicitly-obtained key.   She instead contacted BRUN legal counsel "due to the high-profile nature to help make a determination if this should be a Title IX investigation or otherwise."[14]   And from those contacts with BRUN counsel, Counley determined that her office (the Institutional Equity and Compliance office) would not investigate, because "the matter seemed to be more appropriate for HR/athletics to address"[15] – even though Counley did not know whether ASHLEY had been given a fair opportunity to give her version of events.[16]

It would be more defensible if Counley had opened an investigation and did a terrible job of it, but that isn't what happened:   Counley, apparently guided by BRUN and the "high profile nature" of the report, decided there would be no Title IX response.   Her belated and generalized offer for "resources and support" without treating this report as the Title IX matter that it obviously was, was way too little and way too late.   *Gebser* does not allow a school that is confronted by a report of sex discrimination to provide no response.[17] But acting through Counley, BRUN denied ASHLEY a Title IX investigation in accordance with Title IX's actual regulations.

---

[12] *Counley depo.* 142:14; *Depo. exhibit 410*.
[13] *Counley depo.* 88:04; *Depo. exhibit 314*.
[14] *Counley depo.* 210:11; *Depo. exhibit 361*.
[15] *Depo. exhibit 364*.
[16] *Counley depo.* 249:11.
[17] Office of Civil Rights, Sexual Harassment Guidance:   Harassment of Students by School Employees, Other Students or Third Parties (1997).   In describing a school district's appropriate response to known sexual harassment, the OCR Title IX Guidelines state:   "[I]t should take immediate and appropriate steps to investigate or otherwise determine what occurred and take steps reasonably calculated to end any harassment, eliminate a hostile

Plaintiff also addressed, on the Motion for Leave to File Amended Complaint, the Conduct Policy itself[18], specifically to include the liberty interests implicated in the Conduct Policy.[19]   The Court will note that in this Reply, the undersigned is citing evidence developed in this case; and the undersigned will acknowledge that this evidence was not part of the evidentiary submission on the Motion for Leave to File Amended Complaint (and Reply Evidence) – because a motion for leave to amend is not the proper procedural vehicle to parse specific factual allegations in the proposed Amended Complaint.[20]

We do disagree with the Magistrate Judge's interpretation of *Kroupa v. Nielsen* 731 F.3d 813 (8th Cir. 2013)[21] and its application to this case.   ASHLEY spoke in the continuation of her deposition to facts that should satisfy the stigma-plus analysis set forth by Judge Loken in *Kroupa*, explaining that her well-documented career goal of coaching basketball was derailed by the humiliation she experienced, including the publicity of her removal from the team and reasons given therefor.[22]   The events alleged in the Complaint followed ASHLEY in her transfer process from Nebraska, through interviews and online.   She didn't (and still doesn't) think she could coach anymore.   This should meet the threshold of the stigma-plus analysis – and if that is in question, a Motion for Leave to Amend was not the proper vehicle for such disposition.

---

environment if one has been created, and prevent harassment from occurring again."
[18] Plaintiff's Motion for Leave to File First Amended Complaint and Finding of Good Cause (Filing #92) at ¶¶ 12-16 and Exhibit A, ¶¶ 96-140.
[19] Reply Brief on Plaintiff's Motion for Leave to File First Amended Complaint and Finding of Good Cause (Filing #112) at 13-18.
[20] *See, e.g., Levitt v. Sonardyne, Inc.*, 918 F.Supp.2d 74, 89 (D. Me. 2013).   *See also* Reply Brief on Plaintiff's Motion for Leave to File First Amended Complaint and Finding of Good Cause (Filing #112) at 19.
[21] *Kroupa v. Nielsen*, 731 F.3d 813 (8th Cir. 2013).
[22] *Ashley Scoggin depo.* 285:10.

## II.

### Renewed Motion to Amend Progression Order

As with her Objections to the Magistrate Judge's findings, recommendations and order regarding Plaintiff's Motion for Leave to File Amended Complaint, Plaintiff objects to BRUN's framing of what she did and did not object to.   If Plaintiff did not clarify in her Objections that she wishes to do so, Plaintiff does incorporate with her Objections her Brief Supporting Plaintiff's Renewed Motion to Amend Progression Order.[23]  To that same end, Plaintiff also incorporates her Index of Evidence in Support of Plaintiff's Renewed Motion to Amend Progression Order.[24]

The summation is that discovery in this case has not proceeded as the Federal Rules envision that it should – and that ASHLEY is not the only reason why.   We remain concerned by the potential that BRUN, and defendants in other cases, will translate the Magistrate Judge's decision as an endorsement of such conduct as refusing to provide a privilege log, and refusing to advise whether they are withholding requested documents pursuant to objection, and employing a default setting of "object" instead of a default setting of "answer/produce."

Certainly we are familiar with the judiciary's concerns for delay and costs of litigation – but the strategy used by BRUN herein create costs as well.  The costs include the time involved in trying without success to resolve discovery disputes over requests that should not be objectionable; and, the costs include the impact on the truth-finding process, when discovery has transformed into a game where only one party has an advantage of time and resources.  This is not how the discovery process should function.

---

[23] Filing #78.

[24] Filing #79.   Additional information relating to the discovery dynamics in this case can be found in the Reply Index of Evidence in Support of Plaintiff's Motion for Leave to File First Amended Complaint and for a Finding of Good Cause.   (Filing #113.)

## Conclusion

For these reasons and those articulated in Plaintiff's Motions, Evidence and Briefs referenced herein, we respectfully ask this Court to sustain Plaintiff's Objections, and to reverse the recommendations and order of the Magistrate Judge.

ASHLEY SCOGGIN, Plaintiff,

By:   /s/ *Maren Lynn Chaloupka*
Maren Lynn Chaloupka – NSBA # 20864
Chaloupka Law LLC
1906 Broadway
P.O. Box 1724
Scottsbluff, NE   69363-1724
(308) 270-5091
mlc@chaloupkalaw.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been sent via CM/ECF on the 7th day of April 2026, to the following:

Denise E. Frost
Johnson & Mock, PC LLO
9900 Nicholas Street, #225
Omaha, NE   68114
dfrost@johnsonandmock.com

Bren H. Chambers
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE   68583-0745
bchambers@nebraska.edu

Susan K. Sapp
Lily Amare
Cline Williams Wright Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South13th Street
Lincoln, NE 68508
ssapp@clinewilliams.com
lamare@clinewilliams.com

   /s/ *Maren Lynn Chaloupka*