IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ASHLEY SCOGGIN,

Plaintiff,

vs.

BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, AMY WILLIAMS, in her individual capacity; TREV ALBERTS, in his individual capacity; and CHUCK LOVEJR., in his individual capacity;

Defendants.

**4:24CV3039**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Objection and Appeal of the Magistrate Judge's March 4, 2026 Findings and Recommendation and Order. (Filing No. 132; Filing No. 147.) For the reasons explained below, the Objection will be overruled, and the Magistrate Judge's Findings and Recommendation and Order will be adopted in its entirety.

## BACKGROUND

The Magistrate Judge issued a Findings and Recommendation and Order on March 4, 2026, which denied Plaintiff's Renewed Motion to Amend Progression Order (Filing No. 77), and recommended to this Court that Plaintiff's Motion to Amend the Complaint (Filing No. 92) be denied.[1] (Filing No. 132.) The Magistrate Judge determined good cause did not exist to reopen

[1] For purposes of brevity, the facts of this case will not be fully set out in this Memorandum and Order.

the progression deadlines because Plaintiff had not been diligent in her efforts to comply with the progression order. (Filing No. 132.)

The Magistrate Judge further determined that the Motion to Amend should be denied because Plaintiff's proposed amendment would be futile. (Filing No. 132.) Plaintiff sought leave to amend the Complaint to add a claim under 42 U.S.C. § 1983 for alleged violations of procedural due process. Plaintiff's proposed amended complaint alleges she had a "protected interest" in her status as a member of the Cornhusker women's basketball team and that Defendants removed her from the team without following mandatory procedures set out in the University of Nebraska Department of Athletics Student-Athlete Conduct Policy ("Conduct Policy"). (Filing No. 92.) The Conduct Policy states that it "specifies the higher standard of conduct expected and required of student-athletes as well as the procedure to be used by the [Athletics Department] to respond to allegations, arrests for, or charges of non-academic misconduct by student-athletes." (Filing No. 94-1.) The proposed amended complaint alleges that if Defendants had followed the Conduct Policy, Plaintiff would not have been removed from the basketball team. (Filing No. 92.)

The Magistrate Judge found that the proposed new claim was barred by sovereign immunity as to Defendant Board of Regents of the University of Nebraska ("BRUN").[2] (Filing No. 132.) As to the individual defendants, the Magistrate Judge concluded they were shielded by qualified immunity. (Filing No. 132.) The Magistrate Judge determined that the Conduct Policy does not create a constitutionally protected entitlement, and that Plaintiff had not plausibly alleged the deprivation of a protected property or liberty interest. The Magistrate Judge further found Plaintiff had not identified clearly established law recognizing the asserted rights at the time of the challenged conduct. (Filing No. 132.) The Magistrate Judge also concluded that the proposed amendment did not allege sufficient personal involvement by Defendant Chuck Love ("Love") to support liability under § 1983. (Filing No. 132.)

Plaintiff now objects to the Magistrate Judge's Findings and Recommendation and Order. (Filing No. 147.)

---

[2] Plaintiff apparently does not dispute that her proposed new claim is barred by sovereign immunity as to BRUN. (Filing No. 147.)

## STANDARDS OF REVIEW

In review of a magistrate judge's decision on a nondispositive matter, the district court may reconsider any part of the magistrate judge's order that it finds clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A decision is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed [,]" even if the record contains sufficient evidence to support the finding. *Light of the World Gospel Ministries, Inc. v. Village of Walthill, Nebraska*, 336 F.R.D. 567, 570 (D. Neb. 2020) (quoting *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011)) (quotations omitted).

With respect to dispositive motions, a magistrate judge's recommendation must be reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b)(3); *accord* *Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections").

## DISCUSSION

### 1. Motion to Amend Progression Order

Pursuant to Federal Rule of Civil Procedure 16, a scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008). The district court "has broad discretion in establishing and enforcing the deadlines." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

There is no dispute that Plaintiff did not seek to amend the progression order before certain deadlines had expired. (Filing No. 147.) Still, Plaintiff argues the Magistrate Judge should have permitted amendment out of time because BRUN has not participated in discovery in good faith. Plaintiff claims BRUN has implemented a practice of objecting to everything to delay discovery.

The Court has reviewed the filings and the timeline of events in this case and finds that the Magistrate Judge's denial of Plaintiff's request for leave to amend the progression order was not clearly erroneous or contrary to law. Therefore, Plaintiff's objection will be overruled.

**2. Motion to Amend the Complaint**

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted).

"When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) (quotation omitted). "A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true." *Kackley v. CMS*, No. 8:05CV284, 2006 WL 120150, at *1 (D. Neb. Jan. 17, 2006). Thus, the court accepts "the plaintiff's factual allegations as true and construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Id*. (quotation omitted).

Plaintiff takes issue with the Magistrate Judge's determination that the proposed amended complaint does not plausibly allege the deprivation of a constitutionally protected property or liberty interest and that the Conduct Policy does not create a constitutionally protected entitlement. *See* *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) ("[A] § 1983 procedural due process claim turns on (1) whether the state actor's decision impacted a protected liberty or property interest, and if so, (2) what process was constitutionally due"). The Court has reviewed the Magistrate Judge's Findings and Recommendation—as well as the entirety of the record in this case—and agrees with his analysis of the issues presented.

Plaintiff argues the Magistrate Judge incorrectly concluded that she had not pled a violation of a protected liberty interest. Plaintiff maintains that deposition testimony obtained after the Motion to Amend was submitted for decision demonstrates her professional goal of becoming a coach was impaired by Defendants' actions, and she is therefore entitled to due process protection

under a "stigma plus" analysis.[3] Plaintiff asserts that whether Defendants violated a liberty interest by damaging her career prospects is a question whose disposition requires review of evidence and should not have been considered under the Rule 12(b)(6) standard. This argument is unpersuasive for several reasons.

First, as stated above, motions to amend may be denied when accepting the factual allegations as true and liberally construing a claim in the light most favorable to the plaintiff, amendment would be futile. Here, the Magistrate Judge properly followed this well-established standard. The proposed amended complaint does not allege that a legal status previously recognized by state law was altered or extinguished, nor does the amended pleading even refer to Plaintiff's professional goal of coaching. The proposed amended complaint only lists some benefits that Plaintiff received from team membership, such as eligibility for Name, Image & Likeness income. Moreover, the proposed amended complaint does not allege that Defendants made false or stigmatizing statements about her. It only states that had the Conduct Policy been followed, she would not have been "interrogated, shamed and humiliated by her teammates for two to three hours with no advocate and no advisement of her rights." (Filing No. 92.) Read in a light most favorable to Plaintiff, the allegations in the proposed amended complaint concern Defendants' failure to follow the Conduct Policy before removing her from the basketball team. These allegations do not state a due process claim under the stigma-plus test, as Plaintiff now claims.

Second, Plaintiff cannot rely on evidence and argument that was not presented to the Magistrate Judge to support her objection to the Magistrate Judge's Findings and Recommendation and Order. *See* NECivR 72.2; *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("When a magistrate judge is hearing a matter pursuant to his or her limited authority to make a recommended disposition, a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review"); *Hammann*

[3] The "stigma plus" analysis provides that "state action that both damage[s] a person's reputation and distinctly alter[s] or extinguish[es] a right or status previously recognized by state law . . . is sufficient to invoke the procedural guarantees contained in the Due Process Clause." *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013). "To establish a violation of due process, a plaintiff who complains of governmental defamation must show (1) the utterance of a statement about him or her that is sufficiently derogatory to injure his or her reputation . . . and (2) some tangible and material state-imposed burden or alteration of his or her status or of a right in addition to the stigmatization." *A.W. v. Nebraska*, No. 8:14CV256, 2015 WL 4249845, at *3 (D. Neb. July 13, 2015) (quotation omitted).

*v. 1-800 Ideas.com., Inc.*, 455 F. Supp.2d 942, 947-48 (D. Minn. 2006) ("A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge"). Moreover, the deposition testimony Plaintiff now attempts to rely upon was available before the Magistrate Judge issued his Findings and Recommendation and Order. Plaintiff certainly could have attempted to bring this evidence before the Magistrate Judge before he issued his decision. However, Plaintiff did not make any effort to do so. For all these reasons, the Magistrate Judge properly found that Plaintiff had not plausibly alleged a violation of a protected liberty interest.

The Magistrate Judge also properly concluded that the Conduct Policy did not create a constitutionally protected right or entitlement. State regulations "must contain explicitly mandatory language, *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow, in order to create a liberty interest." *Quinn v. Doherty*, 637 F. Supp.3d 647, 660 (D. Minn. 2022) (quoting *Forrester v. Bass*, 397 F.3d 1047, 1055 (8th Cir. 2005)). *See also* *Doe v. University of Nebraska*, 451 F. Supp.3d 1062, 1100 n. 31 (D. Neb. 2020) ("A state-created liberty interest arises when a state imposes substantive limitations on official discretion"). The Conduct Policy provides, in part, that the Director of Athletics "*shall*, in good faith and using reasonable judgment, decide whether the policy applies." (Filing No. 94-1) (emphasis added.) The proposed amended complaint alleges that Defendant Amy Williams ("Williams") did not give Defendant Trev Alberts ("Alberts")—the Athletic Director at the time—an opportunity to determine whether the Conduct Policy applied to Plaintiff. Plaintiff highlights the word "shall" in the Conduct Policy and argues this language imposed a mandatory obligation on the Director of Athletics to investigate the applicability of the Conduct Policy. This Court disagrees with Plaintiff's interpretation.

The Conduct Policy vests discretion in the Director of Athletics to determine whether the Conduct Policy applies. It does not—as Plaintiff argues—require the Director of Athletics to commence an investigation or, as a matter of course, make an official finding as to the applicability of the Conduct Policy. This is evident because the Conduct Policy does not displace other means of discipline. The Conduct Policy expressly maintains head coaches' "authority to discipline, suspend and/or dismiss any student-athlete . . . *separate and apart* from proceeding under [the] . . . Conduct Policy. (Filing No. 94-1) (emphasis added). This explicit preservation of authority shows that the Conduct Policy is discretionary as it does not impose limitations on the

decisionmaker, require a particular disciplinary proceeding, or require a certain outcome. Regardless of the Conduct Policy, a student-athlete remains subject to the disciplinary authority of his or her head coach. The Court agrees with the Magistrate Judge that the Conduct Policy did not create a constitutional entitlement.

Plaintiff also disagrees with the Magistrate Judge's finding that she did not have a protected property interest. However, Plaintiff's objection does not say why. The Local Rules of this Court require that objections to magistrate judge orders "specify (1) the parts of the order or findings and recommendations to which the party objects and (2) the legal basis of the objections." NECivR 72.2. Plaintiff's statement that she takes "issue with the Magistrate Judge's finding that [she] did not have a protected property interest" is insufficient to meet this standard and the Court will not speculate as to the precise nature of Plaintiff's objection. Therefore, Plaintiff's objection to the Magistrate Judge's determination that Plaintiff had not plausibly alleged a constitutionally protected property interest is overruled.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Objection and Appeal of the Magistrate Judge's March 4, 2026 Findings and Recommendation and Order (Filing No. 147) is overruled.
2. The Magistrate Judge's Findings and Recommendation and Order (Filing No. 132) is adopted in its entirety.
3. Plaintiff's Renewed Motion to Amend Progression Order (Filing No. 77) is denied.
4. Plaintiff's Motion for Leave to File First Amended Complaint (Filing No. 92) is denied.

Dated this 9th day of September, 2026.

BY THE COURT:

Susan M Bazis

Susan M. Bazis
United States District Judge