March 21, 2022

**PERSONAL AND CONFIDENTIAL**

Chuck Love
*Sent via email:* clovejr@huskers.com

Dear Chuck,

This letter is to notify you that our office received a formal complaint regarding conduct that may have violated the University of Nebraska Board of Regents Sexual Misconduct Policies, and you have been identified as a Respondent in the investigation. The Respondent is the individual against whom the policy violation is being alleged.

Specifically, Ashley Scoggin ("Complainant") alleged that you engaged in the following sexual conduct occurring approximately beginning in late September 2021 and continuing through February 16, 2022, while Complainant was a student athlete on your team:

In late September 2021:

1. You kissed Complainant after contacting her on Snapchat.
2. You received oral sex from Complainant in the Speedway parking lot.

From late September 2021 through February 16, 2022, approximately every Thursday evening, you engaged in the following sexual activities with Complainant at various places, including in your office or the locker room:

3. You performed oral sex on Complainant.
4. You received oral sex from Complainant.
5. You engaged in sexual intercourse with Complainant.

From late September 2021 through February 16, 2022:

6. You requested Complainant sleep in your hotel room when the team traveled for away games.

On or about February 16, 2022:

7. You told Complainant to deny that anything had ever happened between the two of you after teammates found Complainant in your room while traveling for an away game.

The applicable provision of the Board of Regents Policy is:

2.1.8. Sexual Misconduct

C.6. "Sexual harassment" means conduct on the basis of sex that satisfies one or more of the following:

CONFIDENTIAL



EXHIBIT 55 4:24-cv-3039

a) An employee of the University conditioning the provision of an aid, benefit, or service of the University on an individual's participation in unwelcome sexual conduct;
b) Unwelcome conduct determined by a reasonable person to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the University's education program or activity; or
c) Sexual assault (see definition herein)
d) Dating violence (see definition herein);
e) Domestic violence (see definition herein); or
f) Stalking (see definition herein)

To be considered sexual harassment for the purposes of Title IX, the conduct must meet the additional requirements of occurring in the University's education program or activity and against a person in the United States.

For employees only, sexual harassment also means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when this conduct explicitly or implicitly affects an individual's employment, unreasonably interferes with an individual's work performance, or creates an intimidating, hostile or offensive work environment, sufficiently severe or pervasive to alter the conditions of the individual's employment and create an abusive working environment.

The entire Board of Regents Policy can be found at the following link: https://go.unl.edu/bor_policies. The University of Nebraska's sexual misconduct complaint process and investigation procedure is outlined in the Procedures for Sexual Misconduct Reports against Employees: https://go.unl.edu/procedures-for-sexual-misconduct-reports-against-employees.

This matter will be investigated as a potential violation of the university's sexual misconduct policy. I am the primary investigator responsible for conducting a neutral, fact-finding investigation into whether university policy has been violated. The university uses a preponderance of evidence standard. Preponderance of evidence means that it is more likely than not, based on all the relevant evidence and reasonable inferences from the evidence, that Respondent violated the policy.

You will have the opportunity to provide written and oral statements if you choose, identify witnesses, provide evidence, as well as provide a response to any of the information gathered in the course of the investigation.

Individuals who knowingly or intentionally file a false formal complaint or provide false or misleading information during a grievance process may be subject to disciplinary action up to and including termination of employment or expulsion. Disciplinary action is not warranted where an individual provides information in good faith, even if the information is ultimately not substantiated. An individual provides information in good faith when that individual reasonably believes the information they have provided is accurate.

As the Respondent, you are presumed not responsible for the alleged conduct. No determination regarding responsibility will be made until the grievance process has concluded with a hearing. This hearing includes live cross-examination as well as questioning in front of a hearing panel. A determination of responsible or not responsible will be provided by this hearing panel and will include sanctions if applicable.

CONFIDENTIAL

Individuals involved in a report of sexual misconduct should preserve evidence to the extent possible, as it may assist the University or law enforcement in making factual determinations about the reported violence or misconduct, or might be helpful to a court's determination regarding the issuance of a Personal Protection Order. The University encourages individuals to go to the police or another resource in order to assist in the preservation of evidence.

You are entitled to have up to two advisors of your choice. Advisors may be, but are not required to be, an attorney(s). The advisor(s) may accompany you to meetings and review and inspect evidence. An advisor is the only individual who may conduct cross examination in a hearing. If you identify two advisors in this process, you must identify one advisor who will be responsible for cross examination. If you do not identify an advisor to conduct cross examination, the university will provide an advisor for this purpose without fee or charge to you.

We care deeply about the safety of the campus community and maintaining an environment conducive to learning and working. As such, the university takes reports seriously and takes appropriate action to eliminate and prevent sexual misconduct.

The university prohibits retaliation. "Retaliation" means intimidating, threatening, coercing, or discriminating against any individual for the purpose of interfering with any right or privilege secured by the Board of Regents Sexual Misconduct Policy or because the individual has made a report or complaint, testified, assisted, or participated or refused to participate in any manner in an investigation, proceeding, or hearing under the Board of Regents Sexual Misconduct Policy. If you feel you have been retaliated against, please contact our office.

At any time prior to reaching a determination regarding responsibility, the university may facilitate an Informal Resolution process, such as mediation, that does not involve a full investigation and adjudication. Either party may request an Informal Resolution process. The university will not require the parties to participate in an Informal Resolution process and may not offer an Informal Resolution process unless a Formal Complaint is filed. Additionally, the university will not require as a condition of enrollment or continuing enrollment, or employment or continuing employment, or enjoyment of any other right, waiver of the right to an investigation and adjudication of Formal Complaints of sexual misconduct. **The university will not offer or facilitate an Informal Resolution process to resolve allegations that an employee engaged in sexual misconduct against or sexually harassed a student.**

The university will not restrict the ability of either party to discuss the allegations under investigation or to gather and present relevant evidence. Complainant, Respondent, and their respective advisors are asked to keep private information that does not consist of "the allegations under investigation". (For example, evidence related to the allegations that has been collected and exchanged between the parties and their advisors during the investigation or the Investigative Report summarizing relevant evidence sent to the parties and their advisors.) Complainant, Respondent, and their respective advisors are asked to keep the information related to the investigation and resolution private, to the extent consistent with applicable law. Witnesses are asked to keep any information learned in an investigation meeting confidential, to the extent consistent with applicable law.

There are numerous resources where you may turn for support. We encourage you to utilize the following resources to the extent they may be helpful to you.

CONFIDENTIAL

UNL Resources

- Student Advocacy and Support, (402) 472-7030
- University Health Center, Medical Clinic, 1500 U Street, (402) 472-5000
- University Police, 300 N 17th St, (402) 472-2222
- Counseling and Psychological Services (CAPS), 1500 U Street, (402) 472-7450
- Student Legal Services, 335 Nebraska Union, (402) 472-3350
- Women's Center, 340 Nebraska Union, (402) 472-2597
- LGBTQA Resource Services, 346 Nebraska Union, (402) 472-1652
- Services for Students with Disabilities (SSD), 116 Louis Pound Hall, (402) 472-3787
- Husker Hub, 102 Canfield Administration Bldg., (402) 472-2030
- International Student and Scholar Office (ISSO), 1100 Seaton Hall, (402) 472-0324
- Employee Assistance Program (EAP), 501 Stadium Drive, (402) 472-3107

Supportive measures are available to both respondents and complainants. Supportive measures are non-disciplinary, non-punitive individualized services offered as appropriate, as reasonably available, and without fee or charge to Complainant or Respondent. These can be provided before or after the filing of a Formal Complaint or where no Formal Complaint has been filed. Such measures are designed to restore or preserve equal access to the university's education program or activity without unreasonably burdening the other party, including measures designed to protect the safety of all parties or the university's educational environment, or deter sexual harassment. Supportive measures may include counseling, extensions of deadlines or other course-related adjustments, modifications of work or class schedules, campus escort services, mutual restrictions on contact between the parties, changes in work or housing locations, leaves of absence, increased security and monitoring of certain areas of the campus, and other similar measures. The university will maintain as confidential any supportive measures provided to the Complainant or Respondent, to the extent that maintaining such confidentiality would not impair the ability of the university to provide the supportive measures. Furthermore, if you are interested in accommodations for a disability, you may let our office know, and we will help connect you to those services.

If you have any questions concerning this letter, our investigation, or your participation, please call me at (402) 472-3417 or lshaver@unl.edu.

Sincerely,

Leslie Shaver

Leslie Shaver
Deputy Title IX Coordinator

CONFIDENTIAL